OFFICE OF PUBLIC UTILITY COUNSEL, Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS and Houston Lighting & Power Company, Appellees.

No. 3–92–518–CV.

Court of Appeals of Texas, Austin.

Aug. 11, 1993.

713

Stephen Fogel [Signed Brief for Appellant Office of Public Utility Counsel], Office of Public Utility Counsel, Austin, for appellant.

Robert J. Hearon, Jr. [Signed Brief for Appellee Houston Lighting & Power Co.], Graves, Dougherty, Hearon & Moody, Dan Morales, Atty. Gen., Norma K. Scogin [Signed Brief for Appellee Public Utility Comm'n. of Texas], Asst. Atty. Gen., Energy Div., Austin, for appellees.

Before CARROLL, C.J., and KIDD and B.A. SMITH, JJ.

CARROLL, Chief Justice.

This is a suit for judicial review of a Public Utility Commission of Texas (the "Commission") final order in a rate case concerning Houston Lighting & Power Company. *See* Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19 (West Supp.1993) ("APTRA"). Appellant Office of Public Utility Counsel ("OPUC") appeals on two points of error from the district court's judgment affirming the Commission's final order. We will affirm the district court's judgment without reaching the merits of OPUC's contentions.

On April 7, 1993, this Court overruled OPUC's untimely request to file a late statement of facts in this cause. *See Office of Pub. Util. Counsel v. Public Util. Comm'n,* 859 S.W.2d 71, 72 (Tex.App.—Austin 1993) (per curiam order). As stated in the order, although the hearing before the district court was recorded, OPUC failed to file a statement of facts in a timely manner with this Court. The statement of facts was due on October 20, 1992. *See* Tex.R.App.P. 54(a). After that date, OPUC had fifteen days to file a request for an extension to file the statement of facts. *See* Tex.R.App.P. 54(c). OPUC failed to move for an extension until February 22, 1993, by which time this Court had no authority to consider the motion. *See id.; Wells v. Kansas Univ. Endowment Ass'n,* 825 S.W.2d 483, 487 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Snead v. Texas State Bd. of Medical Examiners,* 753 S.W.2d 809, 810 (Tex.App.—Austin 1988, no

writ); *see also Trans–Continental Properties, Ltd. v. Taylor,* 717 S.W.2d 890, 891 (Tex.1986); *B.D. Click Co. v. Safari Drilling Corp.,* 638 S.W.2d 860, 862 (Tex.1982). By our April 7, 1993, order, we also refused to "file" the administrative record as an "original exhibit." *See* Tex.R.App.P. 51(d); *Office of Pub. Util. Counsel,* at 72–73. OPUC has moved for a rehearing on this order.

APTRA section 19(d)(3) requires that when, as in this cause, the manner of judicial review is other than by trial de novo, *"the party seeking judicial review shall offer, and the reviewing court shall admit, the agency record into evidence as an exhibit.* The review is conducted by the court sitting without a jury and is confined to the agency record." APTRA § 19(d)(3) (emphasis added). "Because the Legislature in § 19(d)(3) has prescribed the procedure for bringing forward the administrative record to the reviewing courts, that procedure must be followed." *Snead,* 753 S.W.2d at 810 n. 2.[1]

■ Absent a statement of facts, the record on appeal fails to reflect that the administrative record was offered and admitted as an exhibit below. *See* APTRA § 19(d)(3). Accordingly, we conclude the agency record is not properly presented for our review and overrule OPUC's motion for rehearing of our April 7, 1993, order. *See Snead,* 753 S.W.2d at 810 n. 2; *Southern Union Gas Co. v. Railroad Comm'n,* 701 S.W.2d 277, 281 (Tex. App.—Austin 1985, writ ref'd n.r.e.) (Shannon, C.J., concurring); *see also Everett v. Texas Educ. Agency,* 860 S.W.2d 700, 701 (Tex.App.—Austin 1993, n.w.h.); *Commerce Indep. Sch. Dist. v. Texas Educ. Agency,* 859 S.W.2d 627, 628–29 (Tex.App.—Austin 1993, n.w.h.); *cf. Purolator Armored, Inc. v. Railroad Comm'n,* 662 S.W.2d 700, 702 n. 3 (Tex. App.—Austin 1983, no writ). *Contra Commerce Indep. Sch. Dist.,* at 632–635 (Powers, J., dissenting).

■ The Commission's order is presumed valid and legal, and OPUC has the burden to show error. *See Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984);

*City of San Antonio v. Texas Water Comm'n,* 407 S.W.2d 752, 758 (Tex.1966). As appellant, OPUC has the burden to present a sufficient record on appeal to show error requiring reversal. *See* Tex.R.App.P. 50(d). We conclude that absent a properly presented administrative record, OPUC fails to meet this burden. *See Fort Bend County v. Texas Parks & Wildlife Comm'n,* 818 S.W.2d 898, 900 (Tex.App.—Austin 1991, no writ); *Hassell v. Board of Nurse Examiners,* 695 S.W.2d 284, 285 (Tex.App.—Austin 1985, no writ); *Basin, Inc. v. Railroad Comm'n,* 613 S.W.2d 800, 802 (Tex.Civ.App.—Austin 1981, no writ).

We therefore overrule appellant's points of error and affirm the district court's judgment.

1. But see Justice Powers' dissent in *Commerce Independent School District v. Texas Education Agency,* 859 S.W.2d 627 (Tex.App.—Austin 1993, n.w.h.).