**Barry NUSSBAUM, Appellant,**

v.

**The CITY OF DALLAS, Appellee.**

**No. 05–96–00277–CV.**

Court of Appeals of Texas, Dallas.

Oct. 24, 1996.

**2.** Justice Duggan, who retired on December 31, 1994, continues to sit by assignment for the disposition of this case, which was submitted before his retirement.

Bridget Anne Braithwaite, Barry S. Nussbaum Company, Inc., Dallas, for Appellant.

Mark Robert Benavides, Assistant District Attorney, Dallas, for Appellee.

1. The Honorable Bill J. Stephens, Justice, Court of Appeals, Fifth District of Texas at Dallas, Re-

Before LAGARDE, JAMES and STEPHENS[1], JJ.

## OPINION

LAGARDE, Justice.

Barry Nussbaum appeals the trial court's judgment affirming the Urban Rehabilitation Standards Board of the City of Dallas's order to demolish certain property that appellant owns. In four points of error, appellant contends that the trial court erred in (a) upholding the demolition order because no evidence or insufficient evidence exists to support the order and (b) overruling appellant's motion for new trial. We overrule the points of error and affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 18, 1994, after a hearing, the Urban Rehabilitation Board of the City of Dallas (DURB) found that appellant's buildings at 3425 South Vernon Avenue were an urban nuisance. The DURB ordered the buildings demolished. Appellant filed an administrative appeal. On December 20, 1994, DURB heard the administrative appeal and affirmed the demolition order. On January 5, 1995, appellant sued the City of Dallas in district court, requesting a temporary restraining order and an injunction. The trial court granted a temporary restraining order prohibiting the City from enforcing the DURB order, and the court set the case for trial. On November 21, 1995, the case came to trial. The City filed a motion for judgment alleging that because appellant failed to provide the trial court with the records of the two administrative hearings, the court had no evidence upon which to invalidate the demolition order. The trial court entered judgment for the City, denying all relief requested by appellant. Appellant filed a motion for new trial, which the trial court denied.

## SUFFICIENCY OF THE EVIDENCE

In his first and second points of error, appellant contends that there is legally and

tired, sitting by assignment.

factually insufficient evidence to support the trial court's judgment. Appellant predicates each of these points of error on the assertion that (a) he had no duty to file the record of the DURB hearings with the reviewing court, and (b) the sole method of review of the DURB proceedings by the district court is by substantial evidence review.

### Filing of the Administrative Record with the District Court

■ Appellant's assertion that he had no duty to file the record of the DURB hearings with the district court is based on his reading of section 27–9(e) of the Dallas City Code. That provision provides that a person affected by a DURB order may appeal to the district court by filing an appeal within twenty days of receipt of the DURB order. The ordinance then states that the "[a]ppeal in the district court shall be limited to a hearing under the substantial evidence rule." DALLAS, TEX., CODE § 27–9(e). However, the ordinance does not state which party has the burden of bringing the record of the DURB hearing to the district court.

Appellant asserts that we should follow the procedures of the Administrative Procedure Act (APA) in this case. *See* TEX.GOV'T CODE ANN. §§ 2001.001–.902 (Vernon Pamph.1996). Under the APA, the duty to file the administrative record is on the state agency. *See id.* § 2001.175(b). Appellant asserts that we should follow a similar procedure here because the Supreme Court has announced that "the APA sections addressing the scope of judicial review under the substantial evidence rule are instructive." *Board of Law Examiners v. Stevens,* 868 S.W.2d 773, 777 (Tex.), *cert. denied,* 512 U.S. 1206, 114 S.Ct. 2676, 129 L.Ed.2d 811 (1994). Following the APA's rules of judicial review under the substantial evidence rule does not require following the APA's rules concerning the filing of an administrative record with the trial court. Thus, we reject appellant's request that we follow APA procedures in determining which

party has the burden of bringing forth the administrative record for review.

Instead, we look to Texas Local Government Code section 214.0012, the enabling statute for section 27–9(e) of the Dallas City Code. *See* TEX.LOC.GOV'T CODE ANN. § 214.0012 (Vernon Supp.1996). That statute fills the procedural gaps in section 27–9(e). Section 214.0012 makes clear that the appeal is by writ of certiorari.[2] TEX.LOC.GOV'T CODE ANN. § 214.0012(a),(b) (Vernon Supp.1996); *cf.* TEX.LOC.GOV'T CODE ANN. § 216.014 (Vernon 1988) (review of municipal sign board's decision; statute is similar to section 214.0012 except for omission of standard of review); *J.B. Advertising, Inc. v. Sign Bd. of Appeals,* 883 S.W.2d 443, 446 (Tex.App.—Eastland 1994, writ denied) (review under section 216.014 is by writ of certiorari). Section 214.0012(a) provides the requisites of the petition for writ of certiorari, which are that it be verified and that it "[set] forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." TEX.LOC.GOV'T CODE ANN. § 214.0012(a). Section 214.0012(b) states that "[o]n the filing of the petition, the court may issue a writ of certiorari directed to the municipality. . . ." *Id.* § 214.0012(b).

Under section 214.0012, the procedure for obtaining review of a DURB order is by filing a verified petition in the district court alleging illegality and requesting the issuance of the writ of certiorari. Thus, the duty to request the issuance of a writ of certiorari is on the party aggrieved by the administrative order. *Cf.* TEX.R.CIV.P. 577 (application for writ of certiorari to justice court).

In this case, appellant is the party aggrieved by the administrative order. Appellant filed a petition for temporary restraining order and injunction, but he never filed a petition for writ of certiorari or in any way requested issuance of a writ of certiorari. Because appellant never requested a writ of certiorari, the trial court never issued one, and the DURB never sent the record of the

---

**2.** At common law, certiorari enabled a court to demand an inferior body to send up the record of its proceedings so that the court could determine whether the lower body acted within its proper jurisdiction. *See City of San Angelo v. Boehme*

*Bakery,* 144 Tex. 281, 190 S.W.2d 67, 69 (1945); *J.B. Advertising, Inc. v. Sign Bd. of Appeals,* 883 S.W.2d 443, 446 (Tex.App.—Eastland 1994, writ denied).

**308**

administrative hearings to the district court. Any fault in the lack of the record of the administrative hearings falls on appellant.

### Substantial Evidence Review

 The standard of review of the DURB order is the substantial evidence rule. *See* DALLAS, TEX.CODE § 27–9(e); *see also* TEX. LOC.GOV'T CODE ANN. § 214.0012(f) (Vernon Supp.1996). In reviewing an administrative action under the substantial evidence rule, the decision of the administrative agency is presumed valid and supported by substantial evidence. *See Office of Pub. Util. Counsel v. Public Util. Comm'n,* 895 S.W.2d 712, 714 (Tex.App.—Austin 1993), *rev'd on other grounds,* 878 S.W.2d 598 (Tex.1994). The party contesting the order has the burden of presenting sufficient evidence to prove otherwise. *See id.*

In this case, appellant failed to file a petition for writ of certiorari or to request the issuance of a writ of certiorari to obtain the administrative record. With no evidence in the record showing the invalidity of the agency's order, we presume that it is valid and supported by substantial evidence. Appellant's contentions that no evidence or insufficient evidence supports the order lack merit. We overrule appellant's first and second points of error.

### MOTION FOR NEW TRIAL

In his third and fourth points of error, appellant asserts that the administrative order was "contrary to existing law" and that the trial court erred in failing to grant his motion for new trial. Appellant's arguments in support of these points depend upon his arguments in his first and second points of error. We have rejected those arguments. Thus, appellant's arguments under these points of error also lack merit. We overrule appellant's third and fourth points of error.

We affirm the trial court's judgment.