2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




MARTA MARTINEZ,

                            Appellant,

v.

CITY OF EL PASO,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-04-00011-CV

Appeal from the

384th District Court

of El Paso County, Texas 

(TC# 2003-2519) 





O P I N I O N

           This is an appeal from the trial court’s granting of a plea to the jurisdiction filed by
Appellee against Appellant filed in connection with a challenge to an order of condemnation
issued by Appellee against property owned by Appellant. For the reasons stated herein, we
affirm.
I. FACTUAL AND PROCEDURAL BACKGROUND
           The substantive facts in this case are not disputed. Appellant, Marta Martinez, is the
owner of a residence located at 3718 Wickham Avenue in El Paso, Texas. After a fire on the
premises in July of 1999, the property was declared unsafe and the condemnation process
was begun. A series of hearings were held before the City Council. Appellant appeared
before the City Council and requested additional time to complete repairs, asserting that she
intended to rehabilitate the property. Finally, on August 12, 2003, the property was
condemned and ordered demolished within 30 days.
           Appellant, appearing pro se, filed this lawsuit on June 17, 2003, under the
nomenclature of a “Petition for Bill of Review” and asserting various claims ostensibly
related to the condemnation proceeding, including negligence, undue influence, civil rights
violations, duress, and unconscionable conduct notably before the actual order of
condemnation was entered by the El Paso City Council. Appellee filed a plea to the
jurisdiction based upon the pleadings. A hearing was held and the trial court granted
Appellee’s plea to the jurisdiction. Appellant filed a notice of appeal and a brief asserting
three issues.
II. ISSUES ON APPEAL
           In three issues on appeal, Appellant challenges the court’s granting of the Appellee’s
plea to the jurisdiction. Issue No. One appears to complain of Appellee’s failure to allow
Appellant to start construction on her homestead. Issue No. Two appears to complain of the
Appellee’s actions as a violation of Appellant’s constitutional rights. Issue No. Three
complains of Appellee’s actions by stating, “Defendants, City of El Paso, et al. Employees
of Building Services over utilized their power within Color of Authority; Color of Office;
and Color of Title on October 1, 2003 whereas Appellant calls ‘Physical Raid’ or Legally
Term Search & Seizure with two El Paso Police Officers; one El Paso Detective and several
bulldozers with ‘NO EMERGENCY’ status of ‘Condemnation of Property’ was
established by the defendants within Article 1107 [1003][548]§3 [sic].” (Emphasis
Appellant’s).
A. Waiver
           Initially, we note that Appellant’s issues are minimally briefed and do not properly
preserve error for review by this Court. Appellant’s issues do not direct this Court’s attention
to any specific error on which she bases her complaint. See Tex. R. App. P. 38.1(e). A
complaint on appeal must address specific errors and not merely attack the trial court’s order
in general terms. McGuire v. McGuire, 4 S.W.3d 382, 385 (Tex. App.--Houston [1st Dist.]
1999, no pet.); Hollifield v. Hollifield, 925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no
writ). The argument does not cite to any cases which support an appellate argument, though
copies of three cases addressing unrelated issues are attached in the appendix. See Tex. R.
App. P. 38.1(h); Stephens v. Dolcefino, 126 S.W.3d 120, 125-26 (Tex. App.--Houston [1st
Dist.] 2003, pet. denied); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755 (Tex. App.--Houston [1st Dist.] 2000, no pet.).
           The brief “must contain a succinct, clear, and accurate statement of the arguments
made in the body of the brief.” Tex. R. App. P. 38.1(g). Rule 38 requires Appellant to
provide us with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue. See Tesoro Petroleum Corp. v. Nabors Drilling USA, 
Inc., 106 S.W.3d 118, 128 (Tex. App.--Houston [1st Dist.] 2002, pet. denied); Franklin v.
Enserch, Inc., 961 S.W.2d 704, 711 (Tex. App.--Amarillo 1998, no pet.). This is not done
by merely uttering brief conclusory statements, unsupported by legal citations. Tesoro
Petroleum Corp., 106 S.W.3d at 128. By presenting such attenuated, unsupported argument,
Appellant waives her complaints and we overrule Issue Nos. One, Two, and Three.
           Further, having determined that all Appellant’s issues should be overruled, we note,
considering the merits, we also affirm the trial court’s decision.
B. Plea to the Jurisdiction
           A plea to the jurisdiction is a dilatory plea by which a party contests the trial court’s
authority to determine the subject matter of the cause of action. Texas Dept. of Transp. v.
Arzate, 159 S.W.3d 188, 190 (Tex. App.--El Paso 2004, no pet.); City of Saginaw v. Carter,
996 S.W.2d 1, 2 (Tex. App.--Fort Worth 1999, pet dism’d w.o.j.); State v. Benavides, 772
S.W.2d 271, 273 (Tex. App.--Corpus Christi 1989, writ denied). The plaintiff has the burden
to allege facts affirmatively demonstrating that the trial court has subject matter jurisdiction. 
Arzate, 159 S.W.3d at 190; Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440,
446 (Tex. 1993); City of Saginaw, 996 S.W.2d at 2. In the context of suit against a
governmental unit, the plaintiff must allege consent to suit either by reference to statute or
express legislative permission. Arzate, 159 S.W.3d at 190; Texas Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999); Missouri Pac. R. Co. v. Brownsville Navigation Dist., 453
S.W.2d 812, 813-14 (Tex. 1970); Texas Parks & Wildlife Dep’t v. Garrett Place, Inc., 972
S.W.2d 140, 143 (Tex. App.--Dallas 1998, no pet.).
C. Standard of Review
           Subject matter jurisdiction is a legal question which we review de novo. Arzate, 159
S.W.3d at 190; City of Saginaw, 996 S.W.2d at 2; Texas Dep’t of Health v. Doe, 994 S.W.2d
890, 892 (Tex. App.--Austin 1999, pet. dism’d by agr.). We look solely to the allegations
in the petition and accept them as true. Arzate, 159 S.W.3d at 190; see City of Saginaw, 996
S.W.2d at 2-3; Firemen’s Ins. Co. of Newark, N.J. v. Board of Regents of University of Texas
System, 909 S.W.2d 540, 541 (Tex. App.--Austin 1995, writ denied). We do not examine the
merits of the case. Arzate, 159 S.W.3d at 190; see City of Saginaw, 996 S.W.2d at 3. If the
petition does not allege jurisdictional facts, the plaintiff’s suit is subject to dismissal only
when it is impossible to amend the pleadings to confer jurisdiction. Arzate, 159 S.W.3d at
190; City of Saginaw, 996 S.W.2d at 3; see Texas Ass’n of Bus., 852 S.W.2d at 446; Liberty
Mut. Ins. Co.v. Sharp, 874 S.W.2d 736, 739 (Tex. App.--Austin 1994, writ denied).
D. Review of Condemnation Action
           Section 214.0012 makes clear that the appeal from an order of a municipality issued
under the Local Government Code for condemnation or demolition of substandard and
dangerous buildings is by writ of certiorari. Tex. Loc. Gov’t Code Ann. § 214.0012(a), (b)
(Vernon Supp. 2004-05); Nussbaum v. City of Dallas, 948 S.W.2d 305, 308 (Tex. App.--Dallas 1996, no writ); J.B. Advertising, Inc. v. Sign Bd. of Appeals, 883 S.W.2d 443, 446
(Tex. App.--Eastland 1994, writ denied) (review under section 216.014 is by writ of
certiorari). Section 214.0012(a) provides the requisites of the petition for writ of certiorari,
which are that it be verified and that it “[set] forth that the decision is illegal, in whole or in
part, and specifying the grounds of the illegality.” Tex. Loc. Gov’t Code Ann. §
214.0012(a); Nussbaum, 948 S.W.2d at 308. Section 214.0012(b) states that “[o]n the filing
of the petition, the court may issue a writ of certiorari directed to the municipality . . . .” Id.
§ 214.0012(b); Nussbaum, 948 S.W.3d at 308.
           Under section 214.0012, the procedure for obtaining review of an order or
condemnation is by filing a verified petition in the district court alleging illegality and
requesting the issuance of the writ of certiorari. Thus, the duty to request the issuance of a
writ of certiorari is on the party aggrieved by the administrative order. Cf. Tex. R. Civ. P.
577 (application for writ of certiorari to justice court); Nussbaum, 948 S.W.2d at 308. In this
case, Appellant is the party aggrieved by the administrative order. Appellant filed a
document entitled a “Petition for Bill of Review,” but she never filed a petition for writ of
certiorari or in any way requested issuance of a writ of certiorari. Because Appellant never
requested a writ of certiorari, the trial court never issued one. She has failed to comply with
the statutory prerequisite to establish jurisdiction, consequently, jurisdiction cannot lie with
this Court as a matter of law.
E. Substantial Evidence Review
           The standard of review of the Appellee’s order is the substantial evidence rule. See
Tex. Loc. Gov’t Code Ann. § 214.0012(f) (Vernon Supp. 2004-05). In reviewing an
administrative action under the substantial evidence rule, the decision of the administrative
agency is presumed valid and supported by substantial evidence. See Office of Pub. Util.
Counsel v. Public Util. Comm’n, 895 S.W.2d 712, 714 (Tex. App.--Austin 1993), rev’d on
other grounds, 878 S.W.2d 598 (Tex. 1994). The party contesting the order has the burden
of presenting sufficient evidence to prove otherwise. See id.
           In this case, Appellant failed to file a petition for writ of certiorari or to request the
issuance of a writ of certiorari to obtain the administrative record. With no evidence in the 
record showing the invalidity of the agency’s order, we presume that it is valid and supported
by substantial evidence. Nussbaum, 948 S.W.2d at 308. Appellant’s contentions that the
Appellee acted improperly in the administrative process leading up to the issuance of an
order of condemnation lacks merit.
F. Allegations in Tort
           We also conclude that the trial court properly granted the plea to the jurisdiction based
on sovereign immunity. Appellant failed to comply with the statutory condition precedent
which conferred proper subject matter jurisdiction to bringing suit for torts against a
governmental entity. Generally, litigants are permitted to amend to cure pleading defects
when the pleadings do not allege sufficient jurisdictional facts. See Texas Ass’n of Bus., 852
S.W.2d at 446; City of Midland v. Sullivan, 33 S.W.3d 1, 7 (Tex. App.--El Paso 2000, pet. 
dism’d w.o.j.). Here, there is no pleading defect; the pleadings and the evidence
affirmatively show that all complaints presented concern the administrative decisions made
by the City Council for the City of El Paso, for which the City retains immunity from suit,
under Section 101.056 of the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.056(2) (Vernon 2005). The only complaints related to the condemnation process
must have been brought pursuant to a properly filed writ of certiorari in compliance with the
requirements of Texas Local Government Code Section 214.0012(a). The failure to do so
is jurisdictional. Because it is impossible for Appellant to amend her pleadings to invoke
jurisdiction, her suit must be dismissed. See City of Midland, 33 S.W.3d at 7.
           Having overruled all of Appellant’s issues on review, we affirm the judgment of the
trial court.
                                                                  RICHARD BARAJAS, Chief Justice
July 28, 2005

Before Barajas, C.J., Parks, and Ables, JJ.
Parks, and Ables, JJ., sitting by assignment