COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-032-CV

 

 

PERRY TEAGUE                                                                  APPELLANT

 

 

                                                   V.

 

 

CITY OF JACKSBORO                                                             APPELLEE

 

 

                                              ------------

 

              FROM
THE 271ST DISTRICT COURT OF JACK COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This appeal is from the trial
court=s order granting appellee the City of Jacksboro=s plea to the jurisdiction and dismissing the case filed by appellant
Perry Teague pursuant to section 214.0012 of the local government code.  Tex.
Loc. Gov=t Code Ann. ' 214.0012 (Vernon Supp. 2005). 
In two issues, Teague contends that the trial court erred by granting
the City=s plea to the jurisdiction because it is not a jurisdictional
prerequisite to a cause of action under section 214.0012 that the plaintiff
request the trial court to issue a writ of certiorari and because the
constitutional issues Teague raised in his petition invoked the trial court=s jurisdiction under the residual clause of the state
constitution.  Tex. Const. art. V, ' 8; Tex. Gov=t Code Ann. ' 24.008 (Vernon 2004).  Because
we determine that Teague=s original
petition invoked the trial court=s subject matter jurisdiction, we reverse and remand.

Background








Teague owns real property in
Jacksboro, Texas.  On December 13, 2005,
the Jacksboro City Council approved an order requiring Teague to demolish the
structure located on the property if Teague did not abate Aall unhealthy and unsafe conditions@ within thirty days.  See
Tex. Loc. Gov=t Code Ann. ' 214.001.  Instead of complying
with the City=s order,
Teague sued[1]
the City in district court on January 12, 2006, seeking a declaratory judgment
under section 37.004 of the civil practice and remedies code that (1) the City=s conduct in issuing the December 13, 2005 order was Aarbitrary, capricious, unconstitutional, unwarranted, void and not
supported by the evidence,@ (2) the City=s zoning
ordinances as applied to the property are so undefined, vague, overbroad, and
ambiguous that they are unconstitutional, and (3) the City=s procedures in enforcing the zoning ordinances violate due process
and equal protection.  Teague also sought
permanent and temporary injunctive relief prohibiting the City from enforcing
its zoning ordinances against his property.[2]  The district court issued a temporary
restraining order (TRO) the same day Teague filed the petition and scheduled a
hearing for January 18, 2006.








The day of the hearing, the
City filed a plea to the jurisdiction, alleging that its governmental immunity
had not been waived, and therefore the trial court had no subject matter
jurisdiction over the case, because Teague had failed to comply with the sole
statutory procedure for challenging the order; that is, he had not filed a sworn
petition requesting that the trial court issue a writ of certiorari within
thirty days after receiving a copy of the City=s demolition order.  See Tex. Loc. Gov=t Code Ann. ' 214.0012(a).  On January 20,
after the thirty-day period set forth in section 214.0012(a), Teague filed a
request for writ of certiorari and a first amended petition seeking the same
declaratory judgment and injunctive relief, but also asking that the trial
court issue a writ of certiorari Adirected to the City to review the order of the municipality and
prescribe in the writ the time within which a return of the writ must be made.@  On January 26, 2006, the trial
court granted the City=s plea to
the jurisdiction, dissolved the TRO, and dismissed the case. 

In its order granting the
plea to the jurisdiction and dismissing the case, the trial court found and
concluded the following, in pertinent part:

3.     Section 214.0012 of the Texas Local Government Code requires
that a writ of certiorari be filed within 30 calendar days of the date the
final decision is personally delivered or mailed first class mail, return
receipt requested.

. . .
.

6.     The criteria set forth in Section 214.0012  of the Texas Local Government Code are
jurisdictional prerequisites for obtaining review of an order of condemnation.

7.     Compliance with Section 214.0012 is a statutory prerequisite to
the waiver of governmental immunity under Chapter 214 of the Texas Local
Government Code.

8.     By failing to comply with the statutory prerequisites to
establish jurisdiction, jurisdiction cannot lie as a matter of law.  

9.     The uncontroverted evidence demonstrated an incurable
jurisdictional defect which deprives this Court of subject matter jurisdiction.

 

The trial court also awarded the City Aits reasonable and necessary attorneys fees, costs and expenses@ as well as the amount of the bond posted by Teague in obtaining the
TRO.








Standard of Review








Governmental
immunity from suit defeats a trial court=s subject matter jurisdiction and thus is properly asserted in a plea
to the jurisdiction.  See Tex.
Dep=t of Parks
& Wildlife v. Miranda, 133 S.W.3d 217, 225‑26
(Tex. 2004).  The trial court must
determine at its earliest opportunity whether it has the constitutional or
statutory authority to decide the case before allowing the litigation to
proceed.  Id. at 226.

We review the trial court=s ruling on a plea to the jurisdiction based on immunity from suit
under a de novo standard of review.  Id.
at 225‑26, 228; Tex. Natural Res. Conservation Comm'n v. IT‑Davy,
74 S.W.3d 849, 855 (Tex. 2002).  Whether
undisputed evidence of jurisdictional facts establishes a trial court=s jurisdiction is a question of law. 
Miranda, 133 S.W.3d at 226. 
Here, the facts regarding the dates of filing, and the contents of,
Teague=s petitions are undisputed; rather, it is the effect of the pleadings
that is disputed.  Thus, we determine as
a matter of law whether the undisputed facts establish jurisdiction.








When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court=s jurisdiction to hear the cause. 
Id.; Tex. Ass=n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993).   We
construe the pleadings liberally in favor of the pleader and look to the
pleader=s intent.  Miranda, 133
S.W.3d at 226; Tex. Ass=n of Bus., 852 S.W.2d at 446. 

 

 

Analysis

In his first issue, Teague
contends that his original petition conferred subject matter jurisdiction on
the trial court and that his failure to timely request that the court issue a
writ of certiorari is not a jurisdictional defect.  The City contends that by failing to request
in his original petition that the trial court grant a writ of certiorari,
Teague failed to comply with the jurisdictional prerequisites of section
214.0012, which is mandatory in order for the City=s governmental immunity to be waived. 
The City also contends that Teague=s original petition did not invoke the trial court=s subject matter jurisdiction under section 214.0012 because Teague
requested only a declaratory judgment and injunctive relief; thus, the City
contends that the petition could not function as a petition for writ of
certiorari under section 214.0012.








In the absence of a waiver of
governmental immunity, a trial court does not have subject matter jurisdiction
over a suit against a governmental entity. 
Tex. Dep=t of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999).  When a trial court determines that it lacks
jurisdiction to hear a case, it must dismiss the case without rendering a
judgment on the merits.  Freedman v.
Univ. of Houston, 110 S.W.3d 504, 507 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
A party may establish that a governmental entity has consented to suit
by statute.  Gen. Servs. Comm=n v. Little‑Tex Insulation Co., 39
S.W.3d 591, 594 (Tex. 2001).  Consent
must be expressed by Aclear and
unambiguous language.@  Tex.
Gov=t Code Ann. ' 311.034 (Vernon Supp. 2005); Wichita Falls State Hosp. v. Taylor,
106 S.W.3d 692, 696 (Tex. 2003).  Thus,
we must determine to what extent section 214.0012 waives the City=s governmental immunity from suit. 


Section 214.0012 of the local
government code provides, in pertinent part, as follows:

(a) Any owner, lienholder, or mortgagee of record
of property jointly or severally aggrieved by an order of a municipality issued
under Section 214.001 may file in district court a verified petition setting
forth that the decision is illegal, in whole or in part, and specifying the
grounds of the illegality.  The petition
must be filed by an owner, lienholder, or mortgagee within 30 calendar days
after the respective dates a copy of the final decision of the municipality is
personally delivered or mailed to them by first class mail, certified return
receipt requested, or such decision shall become final as to each of them upon
the expiration of each such 30 calendar day period.

 








(b) On the filing of the petition, the court may
issue a writ of certiorari directed to the municipality to review the order of
the municipality and shall prescribe in the writ the time within which a return
on the writ must be made, which must be longer than 10 days, and served on the
relator or the relator's attorney.

 

Tex. Loc. Gov=t Code Ann. ' 214.0012(a), (b).

The City contends that for
its governmental immunity to be waived under section 214.0012, the statute
requires Teague not only to file a verified petition stating the illegality of
the City=s decision within thirty days after receiving a copy of the City=s order but also to request within that same thirty-day period that
the trial court issue a writ of certiorari.








When a statute is clear and
unambiguous, we Ashould give
the statute its common meaning.@  St. Luke=s Episcopal Hosp. v. Agbor, 952 S.W.2d
503, 505 (Tex. 1997).  When language in a
statute is unambiguous, we will seek the intent of the legislature as found in
the plain and common meaning of the words and terms used.  Id.; In re K.L.V., 109 S.W.3d 61, 65
(Tex. App.CFort Worth
2003, pet. denied).  We do not need to
resort to rules of construction or extrinsic aids to construe a statute that is
clear and unambiguous.  St. Luke=s Episcopal Hosp., 952 S.W.2d
at 505; Cail v. Serv. Motors, Inc., 660 S.W.2d 814, 815 (Tex.
1983).  When a statute fails to define a
term, we apply and use its plain meaning. 
See Tex. Gov=t Code Ann. ' 312.002 (Vernon 2005) (instructing appellate court to use words= ordinary meanings).  We should
not adopt a construction that would render a law or provision meaningless.  Centurion Planning Corp. v. Seabrook
Venture II, 176 S.W.3d 498, 504 (Tex. App.CHouston [1st Dist.] 2004, no pet.).

Although Teague=s original petition was filed within the thirty-day period prescribed
under the statute, it did not specifically ask the trial court to issue a writ
of certiorari, nor did it mention section 214.0012.  Instead, the petition seeks declaratory
judgment relief under section 37.004 of the civil practice and remedies code
and temporary and permanent injunctive relief from enforcement of the City=s zoning ordinances as applied to the property.  But his request for temporary injunctive
relief more specifically seeks relief from enforcement of the December 13, 2005
order of the city council.  








The City contends that
because the petition does not seek relief under section 214.0012 and because it
does not expressly request that the trial court issue a writ of certiorari, it
is not adequate to invoke the trial court=s jurisdiction under section 214.0012. 
In determining whether Teague invoked the trial court=s subject matter jurisdiction under this section, we are guided by
cases interpreting the appeal of zoning board decisions and municipal sign
board decisions, which involve virtually identical procedures.  See J.B. Adver., Inc. v. Sign Bd. of
Appeals, 883 S.W.2d 443, 446 (Tex. App.CEastland 1994, writ denied) (holding that Azoning board cases are instructive in reviewing a sign board=s decision@); see
also Martinez v. City of El Paso, 169 S.W.3d 488, 492 (Tex. App.CEl Paso 2005, pet. denied) (citing J.B. Advertising as
authority for construction of section 214.0012).  








The procedure for obtaining
review of a city=s order
under section 214.001 of the local government code is by petition for writ of
certiorari.  Martinez, 169 S.W.3d
at 492.  Certiorari is a procedural
mechanism by which a reviewing court can Ademand of an inferior court or body that it send up the record of the
proceedings in the matter under review in order that the legality thereof might
be tested to determine whether the lower court or body had acted within its
proper jurisdiction.@  City of San Angelo v. Boehme Bakery,
144 Tex. 281, 190 S.W.2d 67, 69 (1945); Tellez v. City of Socorro, 164
S.W.3d 823, 829 (Tex. App.CEl Paso 2005, pet. filed).  AThe writ of certiorari is the method by which the court conducts its
review; its purpose is to require [the city] to forward to the court the record
of the particular . . . decision being challenged.@  Davis v. Zoning Bd. of
Adjustment of La Porte, 865 S.W.2d 941, 942 (Tex. 1993) (describing
function of writ of certiorari in appeals from zoning board decisions under
section 211.011 of the local government code). 
If the trial court grants the petition for writ of certiorari, the city
must submit to the court the record of its decision or Areturn,@ and the
return Amust concisely set forth other facts as may be pertinent and material
to show the grounds of the decision appealed from.@  Tex. Loc.  Gov't Code Ann.
' 214.0012(c), (d); see Bd. of Adjustment of Piney Point Vill. v.
Solar, 171 S.W.3d 251, 254 (Tex. App.CHouston [14th Dist.] 2005, pet. filed).  Review is confined to the legality of the
City=s order.  Tex. Loc. Gov=t Code Ann. ' 214.0012(a), (d), (f); Boehme Bakery, 190 S.W.2d at 70; W.
Tex. Water Refiners, Inc. v. S & B Beverage Co., 915 S.W.2d 623, 626
(Tex. App.CEl Paso
1996, no writ).








Teague=s original petition filed within the thirty-day window does not
mention section 214.0012, nor does it request that the trial court issue a writ
of certiorari.  But it does seek
injunctive and declaratory relief; specifically, it requests relief from
enforcement of the City=s zoning
ordinances in general and the December 13, 2005 order.  The supreme court has held that Aan injunction proceeding@ to restrain the maintenance of a large sign approved as a variance by
the Corpus Christi Board of Adjustment was Ain effect an appeal (by writ of certiorari) from the action of the
Board of Adjustment.@  Scott v. Bd. of Adjustment, 405 S.W.2d
55, 56 (Tex. 1966).  Moreover, in
determining the nature of a pleading, we are to look to its substance rather
than its form.  E.g., State Bar of
Tex. v. Heard, 603 S.W.2d 829, 833 (Tex. 1980); Prostok v. Browning,
112 S.W.3d 876, 915 (Tex. App.CDallas 2003) (op. on reh=g) (A[T]he true
nature of a lawsuit is based on the facts alleged in the petition, the rights
asserted, and the relief sought.@), rev=d in part on
other grounds, 165 S.W.3d 336 (Tex. 2005);
Rush v. Barrios, 56 S.W.3d 88, 93 (Tex. App.CHouston [14th Dist.] 2001, pet. denied); see also Pearce v. City of
Round Rock, 992 S.W.2d 668, 669, 671-72 (Tex. App.CAustin 1999, pet. denied) (concluding that petition naming all of
Development Review Board members in their official capacities, rather than the
Board as an entity, was sufficient to invoke trial court=s subject matter jurisdiction).

Here, it is clear that in his
original petition, Teague sought relief from the City=s December 13, 2005 demolition order on numerous grounds, including
the illegality (by lack of due process) of the order as well as the
unconstitutional application of the zoning ordinances to his property.  Thus, we conclude that Teague=s original petition, which was filed within the thirty-day period set
forth in section 214.0012, fit the requirements of section 214.0012(a) by Asetting forth that the decision is illegal, in whole or in part, and
specifying the grounds of the illegality.@  Tex. Loc. Gov=t Code Ann. ' 214.0012(a).

The City next contends that
Teague=s original petition did not confer subject matter jurisdiction on the
trial court because it did not request the issuance of a writ of certiorari
within the thirty-day period.








In Davis v. Zoning Board
of Adjustment, the supreme court held that a writ of certiorari is simply
the method by which the trial court reviews a zoning board=s decision; it has nothing to do with the trial court=s subject matter jurisdiction. 
865 S.W.2d at 942;[3]
Hagood v. City of Houston Zoning Bd. of Adjustment, 982 S.W.2d 17, 18
(Tex. App.CHouston [1st
Dist.] 1998, no pet.).  A plaintiff may
request the issuance of a writ of certiorari in an amended petition filed after
the thirty-day period.  See Davis,
865 S.W.2d at 142.

In Davis, the trial
court granted the request for writ of certiorari that was in the plaintiffs= timely filed original petition and ordered the court clerk to issue
the writ upon the plaintiffs= posting a bond.  Id.  The plaintiffs never posted the bond, so the
writ was never served on the board of adjustment.  Id. 
In addition, their second amended petition failed to include a request
that the trial court issue a writ of certiorari.  Davis v. Zoning Bd. of Adjustment of La
Porte, 853 S.W.2d 650, 651 (Tex. App.CHouston [14th Dist.] 1993), rev=d, 865 S.W.2d 941, 942 (Tex. 1993).








Approximately two years
later, eleven days before trial, the board filed a plea in abatement
complaining that it had not been served with the writ of certiorari.  Id. 
The trial court granted the plea and gave the plaintiffs thirty days to
amend their petition to again request the issuance of a writ.  Id. Approximately four months after
the plaintiffs filed an amended petition, the trial court dismissed the suit
for lack of jurisdiction.  Id.  The court of appeals affirmed the trial court=s decision, reasoning that the plaintiffs did not timely invoke the
trial court=s
jurisdiction because they Afailed to have the writ issued@ within the ten-day period provided by the statute.  Id. at 652.  According to the court of appeals, A[a]ppeal of a board=s decision under ' 211.011 requires three procedural steps before jurisdiction is
conferred on the district court:  (1) the
petition must be timely filed; (2) the writ of certiorari must be issued and
served on the board; and (3) the board must make its return.@  Id.

The supreme court reversed
and remanded to the trial court, concluding that A[t]he statute does not contain a specific time limit for issuance of
the writ,@ only for
the filing of a petition complaining about the illegality of the board=s order.  Davis, 865
S.W.2d at 942.  Thus, the supreme court
concluded that to invoke the trial court=s subject matter jurisdiction under section 211.011, the plaintiffs
need only have filed a petition challenging the action complained of within the
time period set forth in the statute.  Id.








This interpretation of
section 211.011 of the local government code comports with the plain language
of section 214.0012(a), which requires only that a party Afile . . . a verified petition setting forth that the decision is
illegal, in whole or in part, and specifying the grounds of the illegality@ within the thirty-day time period. 
Tex. Loc. Gov=t Code Ann. ' 214.0012(a).[4]  Thus, we conclude that in a suit under
section 214.0012 challenging the legality of a municipality=s order, a specific request for writ of certiorari is not necessary to
invoke the trial court=s subject
matter jurisdiction, nor is such a request untimely if it is included in an
amended petition filed after the thirty-day window.  Whether the writ is requested and issued
affects only whether there is a record for the trial court to review, not whether
the trial court has jurisdiction over the cause of action.  See Davis, 865 S.W.2d at 942; Nussbaum
v. City of Dallas, 948 S.W.2d 305, 308 (Tex. App.CDallas 1996, no writ).[5]  Thus, Teague was not required to request
issuance of a writ of certiorari in his original petition to invoke the trial
court=s subject matter jurisdiction under section 214.0012, and his
subsequent request for writ of certiorari on January 20, 2006, was timely.  See Davis, 865 S.W.2d at 942.








The City cites Martinez v.
City of El Paso for support of its contention that Teague=s request for issuance of a writ of certiorari was too late to invoke
the trial court=s subject
matter jurisdiction.  169 S.W.3d at
492.  In Martinez, the El Paso
court of appeals held that by failing to request the issuance of a writ of
certiorari, Martinez Afailed to
comply with the statutory prerequisite to establish jurisdiction.@  Id.  We disagree with this statement.  First, that holding in the opinion is dicta
as the court had already determined that Martinez waived all of her issues
because of inadequate briefing.  Id.
at 491.  Additionally, the statement
directly conflicts with the supreme court=s holding in Davis.[6]  Thus, we are not persuaded by the El Paso
court=s holding in Martinez.

Because we hold that Teague complied with the requirements of section
214.0012(a) necessary to invoke the trial court=s
subject matter jurisdiction, we conclude that the trial court erred by granting
the City=s
plea to the jurisdiction.  See Tex. Loc. Gov=t Code Ann. '
214.0012(a); Davis, 865 S.W.2d at 942. 
We sustain Teague=s
first issue.[7]

 

 

 

 








Conclusion

Having sustained Teague=s first issue, we reverse the trial court=s judgment and remand the case for further proceedings consistent with
this opinion.[8]

 

TERRIE LIVINGSTON

JUSTICE

PANEL B:   LIVINGSTON, DAUPHINOT,
and HOLMAN, JJ.

DELIVERED: March 30, 2006











[1]Teague=s
original petition was verified.





[2]In
the factual section of his original petition, Teague contended, among other
things, that the City searched his property pursuant to an illegal warrant,
that the City=s
order was based on unsworn testimony, and that he was not given an opportunity
to call witnesses or cross-examine the City=s witnesses and respond to
the City=s
allegations about the property at the City Council meeting. 





[3]The
City attempts to distinguish Davis because it involved a plea of
abatement rather than a plea to the jurisdiction.  Id. at 942.  But this distinction is irrelevant because Davis
was decided on subject matter jurisdiction grounds and is squarely on
point.  Id.





[4]Once
such a petition is timely filed, the trial court Amay@
issue a writ of certiorari.  Id. '
214.0012(b).  





[5]If
there is no record of the municipality=s decision for the trial
court to review, the court must presume that the municipality=s
decision is valid and supported by substantial evidence.  See Nussbaum, 948 S.W.2d at 308.





[6]Although
the appeal in Davis was from a decision of a zoning board under local
government code section 211.011, the statutory appeals procedures in sections
211.011 and 214.0012 are virtually identical. 





[7]Because
Teague=s
first issue is dispositive, we need not address his second issue.  See Tex.
R. App. P. 47.1; Tex. Mut. Ins. Co. v. Surety Bank, N.A., 156
S.W.3d 125, 131 n.4 (Tex. App.CFort Worth 2005, no pet.).





[8]On
February 8, 2006, in an original proceeding ancillary to this appeal, Number
02-06-00033-CV, we granted Teague=s petition for writ of
injunction and enjoined the City from enforcing the December 13, 2005 order
during the pendency of this direct appeal. 
In accordance with our order, Teague filed a $1,000 cash bond.  Because we have disposed of Teague=s
appeal, we dissolve the writ of injunction and order the clerk of this court to
release the full amount of the bond to Teague, or if Teague did not personally
file the bond, to the party who filed the bond on his behalf.