Affirmed and Memorandum Opinion filed March 29, 2007








Affirmed and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00845-CV

____________

 

NOVA INFORMATION SYSTEMS, INC. AND
BRIAN SOWADA, D/B/A NATIONAL BANK CARD SYSTEMS, Appellants

 

V.

 

NIDHI AND RONEIL, INC., Appellee

 



 

On Appeal from the County
Court At Law No. 3 & Probate Court

Brazoria County, Texas

Trial Court Cause No. CI029160

 



 

M E M O R A N D U M   O P I N I O N

This is an appeal of a judgment entered in favor of
appellee, Nidhi and Roneil, Inc., following a bench trial.  We affirm.

Factual and Procedural Background








Appellee leased a combination convenience store/gas station
in December, 2000. The location had previously functioned as a convenience
store, which had been closed for approximately one year prior to appellee
entering into the lease.  In addition to remodeling of the store itself,
appellee needed a credit card service for the gasoline pumps.  Brian Sowada of
Nova Information Systems, Inc. (ANova@) visited appellee
and solicited appellee for that credit card business.  Mr. Sowada represented
that, for a monthly fee, Nova would re-program the existing credit card
machines at the store so the charges made at the store for gas and merchandise
would be routed to appellee=s bank account.  In essence, Nova, for a
fee, would convert the credit card charges into cash payments which would be
deposited into appellee=s bank account.  Because Mr. Sowada
represented he could re-program the existing credit card machines, Nova=s price was lower
than the competition and appellee entered into a contract with Nova for that
service.  Mr. Sowada came to appellee=s store and
programed the credit card machines with appellee=s bank routing
information. Mr. Sowada checked the system and told appellee the system was
working properly and ready to go.

Appellee=s store opened in March 2001 operating
under the name Pic N Pac. After the credit card system was started and in use,
appellee learned from its bank statements that while Nova was collecting its
monthly fee, no cash payments were making their way into appellee=s bank account. 
Karnik Vyas, appellee=s secretary, notified Mr. Sowada of the
problem. Following that notification, Mr. Sowada investigated and informed Mr.
Vyas that (1) apparently the routing information had not been properly
programed; (2) appellee=s money was going into the bank account of
Alexander Oil, the gasoline supplier for the previous operators of the
convenience store at the location; and (3) there was nothing Mr. Sowada could
do to correct the problem.








By this point, appellee had lost $4,938.83 in actual credit
card charges that had been made at the store and never deposited into appellee=s bank account. 
In addition, because the credit card machines were not working properly,
appellee had to stop accepting credit cards which dramatically impacted the Pic
N Pac=s business and
cash flow.  This decline in business forced the store to shut down in May,
2001.  Appellee had invested $120,000 in getting the convenience store
established  and operating.  In an effort to minimize its loss, appellee sold
the store and its inventory to a third party for $100,000.

Asserting numerous causes of action, appellee filed suit
against both appellants on February 21, 2002.[1] 
Nova was served and entered a special appearance in April 2002, which the trial
court denied in July 2002. Mr. Sowada filed his original answer in June 2003. 
Appellants filed a joint Amended Original Answer and Counterclaim on August 23,
2004.  The case was set for trial on September 13, 2004.  Appellants requested
a continuance of the trial setting, which the trial court granted.

On October 13, 2004, some thirty months after Nova had
filed its special appearance, Nova (but not Sowada) filed a motion to compel
arbitration.  Following a hearing, the trial court denied Nova=s motion to compel
arbitration.  The trial court held that Nova had waived the issue of
arbitration by unreasonably delaying the filing of its motion to compel
arbitration, by invoking the judicial process through its filing of a counterclaim
and affirmative defenses, and that these actions prejudiced appellee.

The case went to trial on April 5, 2005.  Mr. Sowada, while
represented by counsel, did not appear for the trial.  In addition, Nova did
not send a corporate representative to attend the trial, which lasted less than
three hours.  Following the trial, the trial court entered judgment in favor of
appellee.  Following the entry of the judgment, Nova filed a motion for new
trial, which the trial court denied.  This appeal followed.

 

 

 








Discussion

In eight issues, appellants challenge the trial court=s denial of Nova=s motion for new
trial based on the trial court=s prior denial of Nova=s motion to compel
arbitration as well as the sufficiency of the evidence supporting the causes of
action asserted by appellee.

 

 

I.        The
Standard of Review

A trial court=s ruling on a
motion for new trial will not be reversed without a showing of an abuse of
discretion.  Director, State Employees Workers= Comp. Div. v.
Evans, 889 S.W.2d 266, 268 (Tex. 1994).  A trial court abuses its discretion
when it fails to correctly analyze or apply the law.  In re E. I. DuPont de
Nemours & Co., 136 S.W.3d 218, 223 (Tex. 2004).

When a bench trial is conducted and the court does not
enter findings of fact and conclusions of law to support its ruling, all facts
necessary to support the judgment are implied.  BMC Software Belg., N. V. v.
Marchand, 83 S.W.3d 789, 795 Tex. 2002); Zac Smith & Co. v. Otis
Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987).  Because the trial court granted
judgment for appellee, but did not enter findings of fact and conclusions of
law, we review appellants= complaints with the presumption that all
findings of fact and conclusions of law were made in favor of appellee.  When
findings of fact and conclusions of law are not requested and none are filed by
the trial court, the judgment of the trial court must be affirmed if it can be
upheld on any legal theory that finds support in the evidence.  In the
Interest of W. E. R., 669 S.W.2d 716, 717 (Tex. 1984).  








When the appellate record includes the reporter=s and clerk=s records, implied
findings are not conclusive however, and may be challenged on the basis of
legal and factual sufficiency.  BMC Software Belg., 83 S.W.3d at 795.  
We review the trial court=s decision for legal and factual
sufficiency of the evidence by the same standards applied in reviewing the
evidence supporting a jury=s finding.  Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  When reviewing the legal sufficiency of the
evidence, we review the evidence in the light most favorable to the challenged
finding and indulge every reasonable inference that would support it.  City
of Keller v. Wilson, 168 S.W.3d 802, 822 (Tex. 2005).  We credit favorable
evidence if a reasonable fact finder could and disregard contrary evidence
unless a reasonable factfinder could not.  Id. at 827.  The evidence is
legally sufficient if it would enable fair-minded people to reach the verdict
under review. Id.  Therefore, we must examine the record in this case to
determine whether some evidence exists to support the trial court=s judgment.

In reviewing the factual sufficiency of the evidence, we
must consider and weigh all the evidence and should set aside the judgment only
if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986).  We may not substitute our judgment for that of the trier of fact, even
if we would have reached a different conclusion.  Durand v. Moore, 879
S.W.2d 196, 200 (Tex. App.CHouston [14th Dist.] 1994, no writ). 
Therefore, we will reverse only if the overwhelming weight of the evidence
indicates the trial court=s judgment for appellee was clearly wrong
and unjust.

II.       Did the
Trial Court Abuse Its Discretion When It Denied Appellants= Motion for New
Trial?








In their first issue, appellants argue the trial court
abused its discretion when it denied Nova=s motion for new
trial based on the trial court=s earlier denial of Nova=s motion to compel
arbitration, since, according to Nova, the contract in question required that
this controversy be decided by arbitration.  However, appellants= brief does not
mention, nor address, the trial court=s basis for
denying Nova=s motion.  In its order, the trial court found that
Nova waived its contractual right to compel arbitration because Nova: (1)
unreasonably delayed in filing its motion to compel arbitration; (2) invoked
the judicial process through its filing of a counterclaim and affirmative
defenses; and (3) that these actions prejudiced appellee.  A complaint on
appeal must address specific errors and not merely attack the trial court=s order in general
terms.  Martinez v. City of El Paso, 169 S.W.3d 488, 491 (Tex. App.CEl Paso 2005, pet.
denied).  An appellate brief must contain a succinct, clear, accurate statement
of the arguments made in the body of the brief.  Id. citing to Tex. R. App. P. 38.1(g).  Rule 38
requires an appellant to provide us with such discussion of both the facts
and the authorities relied upon as may be necessary to maintain the point at
issue.  Id.  By ignoring the findings made by the trial court in support
of its order denying Nova=s motion to compel arbitration, appellants
waive their first issue.

Even if appellants had not waived their first issue, the
result would be the same.  A party to an arbitration agreement can waive its
contractual right to compel arbitration of a dispute in two ways.  A party can
waive arbitration if that party delays seeking to compel arbitration and the
delay results in prejudice; or if that party substantially invokes the judicial
process and the opposing party suffers prejudice as a result.  Prudential
Securities, Inc. v. Marshall, 909 S.W.2d 896, 898B99 (Tex. 1995); Associated
Glass, Ltd. v. Eye Ten Oaks Investments, Ltd., 147 S.W.3d 507, 514 (Tex.
App.CSan Antonio 2004,
no pet.).








Here, Nova filed its special appearance in April 2002. 
Nova then waited approximately thirty months before it filed its motion to
compel arbitration in October 2004, soon after requesting and receiving a
continuance of the original trial setting.  In the interim, Nova filed its
original answer with affirmative defenses as well as a counterclaim against
appellee.  In addition, Mr. Sowada, as well as the other defendants, were not
parties to the arbitration agreement and did not join the motion to compel
arbitration which, if it had been granted, would have required appellee to
pursue its claims simultaneously in two different forums.  These facts support
the trial court=s findings that (1) Nova unreasonably
delayed in filing its motion to compel arbitration; (2) Nova substantially
invoked the judicial process; and (3) appellee was prejudiced as a result of
Nova=s actions. 
Accordingly, the trial court did not abuse its discretion when it denied
appellants= motion for new trial.  See In re E. I. DuPont de Nemours
& Co., 136 S.W.3d at 223. We overrule appellants= first issue.

III.      Did
Appellee Comply With a Condition Precedent to Nova Assuming Any Liability Under
the Contract? 

In their sixth issue, the only issue in which appellants
challenge appellee=s breach of contract cause of action,
appellants argue there is no evidence that appellee complied with a condition
precedent to Nova assuming liability under the contract.  Specifically,
appellants  assert there was no evidence appellee gave written notice of the
problem to Nova as required by paragraph 6(c) of the contract.  Appellants= argument is
without merit.








A fundamental principle of contract law is that when one
party to a contract commits a material breach of that contract, the other party
is discharged or excused from any obligation to perform.  Hernandez v. Gulf
Group Lloyds, 875 S.W.2d 691, 692 (Tex. 1994);  Restatement (Second) of Contracts ' 237 (1981) (A[I]t is a
condition of each party=s remaining duties to render performances
to be exchanged under an exchange of promises that there be no uncured material
failure by the other party to render any such performance due at an earlier
time.@).  Thus, when a
party to a contract fails to perform its obligations under that contract, it
may not thereafter enforce the remaining terms of the contract against the
other party.  Interceramic, Inc. v. South Orient R. Co., Ltd., 999
S.W.2d 920, 924 (Tex. App.CTexarkana 1999, pet. denied).  Whether a
party has breached a contract is a question of law for the court.  Meek v.
Bishop Peterson & Sharp, P.C., 919 S.W.2d 805, 808 (Tex. App.CHouston [14th
Dist.] 1996, writ denied).  The court determines what conduct is required by
the parties, and, insofar as a dispute exists concerning the failure of a party
to perform the contract, the court submits the disputed fact questions to the
fact finder.  See id.   Here, there were no fact issues as there was
uncontroverted evidence that (1) appellants agreed to process the credit card
charges made at appellee=s convenience store, convert those charges
into cash payments, and then deposit those cash payments into appellee=s bank account
minus Nova=s fee; (2) appellants programmed appellee=s credit card
processing machines, tested them, and informed appellee they were working
properly; (3) $4,938.83 in credit card charges were made at appellee=s store in March
and April, 2001; (4) that amount was not deposited into appellee=s bank account;
(5) Mr. Sowada investigated, determined what the problem was, and notified
appellee there was nothing he could do to correct the problem; and (6) Nova
collected its monthly fee during both March and April, 2001.  In determining
the materiality of a breach, courts consider, among other things, the extent to
which the nonbreaching party will be deprived of the benefit that it could have
reasonably anticipated from full performance. Hernandez, 875 S.W.2d 693. 
As a result of appellants failure to perform their obligations under the
contract, appellee was totally deprived of the benefit it anticipated from the
contract.   Since appellants materially breached the contract they may  not
seek to enforce the written notification obligation in section 6(c) of the
contract against appellee.  Appellants= sixth issue is
overruled.

IV.      Did
Legally and Factually Sufficient Evidence Support the Award of Damages?

In their seventh issue, appellants challenge the evidence
supporting the judgment=s award of damages to appellee.  In their
brief, appellants state Ait is somewhat difficult to characterize
the nature of the damages awarded by the trial court.@  Appellants then
go on  to argue the evidence is insufficient as, in appellants= view, Athe judgment must
include an amount for lost profits since the award greatly exceeds any
reasonable notion of out of pocket losses.@  We disagree.








The ultimate goal in measuring damages for a breach of
contract claim is to provide just compensation for any loss or damage actually
sustained as a result of the breach.  Mays v. Pierce, 203 S.W.3d 564,
577 (Tex. App.CHouston [14th Dist.] 2006, pet. denied).  Here, the
judgment does not award any amount for lost profits, but instead awards
appellee damages only for its out of pocket losses.  There was uncontroverted
evidence that, as a direct result of appellants= breach, appellee
lost $4,938.83 in credit charges from March and April 2001.  There was also
uncontroverted evidence that (1) appellee spent $120,000 getting the Pic N Pac
ready to open for business; (2) appellee was forced to close the Pic N Pac as a
result of appellants= breach; and (3) appellee had to sell the
convenience store operation for $100,000, resulting in a $20,000 loss of
investment. Thus, there is legally and factually sufficient evidence supporting
the judgment.  We overrule appellants= seventh issue.

V.      We Need
Not Address Appellants= Remaining Issues.

In issues two, three, four, five, and eight, appellants
challenge the sufficiency of the evidence supporting appellee=s remaining causes
of action.[2] 
As we have overruled appellants= issues attacking the judgment based on
appellee=s breach of
contract cause of action, we need not address appellants= issues attacking
appellee=s other causes of
action. Tex. R. App. P. 47.1.

Conclusion

Having overruled all of appellants= issues on appeal necessary for a
final disposition of the appeal, we affirm the trial court=s final judgment.                   

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed March 29, 2007.

Panel consists of
Justices Anderson, Hudson, and Guzman.









[1]  Appellee also sued a two additional defendants,
Alexander Oil Company and Dennis Trigg. The trial court entered a take nothing
judgment on appellee=s causes of action against these defendants and they
are not parties to this appeal.





[2]  In addition to breach of contract, appellee also
asserted causes of action for breach of implied warranty, breach of fiduciary
duty, negligence, violations of the Deceptive Trade Practices Act, and fraud.