*Court Of Appeals*
*Fourth Court of Appeals District of Texas*

# OPINION

No. 04-08-00341-CV

Seymour G. **PERKINS**,
Appellant

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 07-CI-18926
Honorable Karen Pozza, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice
           Marialyn Barnard, Justice

Delivered and Filed:    May 20, 2009

REVERSED AND REMANDED

      Seymour G. Perkins appeals the trial court's order affirming an order of the Dangerous

Structure Determination Board of the City of San Antonio (the "Board"). Perkins presents nine

issues on appeal; however, several of these issues are duplicative. The primary complaints raised

by Perkins are: (1) the trial court deprived him of his right to present evidence at the hearing

conducted by the trial court contrary to the substantial evidence rule and in violation of his due

process rights; (2) the Board's order is void on its face; (3) the trial court's hearing was held without proper notice; (4) the trial court's failure to properly review the record deprived Perkins of his due process rights; (5) Perkins was denied due process by the Board's failure to appoint him an attorney or, at least, advise him of his right to an attorney; (6) the trial court's bias deprived him of due process; and (7) the Board's order is no longer effective.

Because we hold that the trial court's hearing was held without proper notice, we reverse the trial court's order. However, we also address the following additional issues to facilitate the trial court's review on remand: (1) the appropriate standard the trial court must apply in reviewing the Board's order; (2) whether the Board's order is void on its face; and (3) the effectiveness of the Board's order. TEX. R. APP. P. 47.1.

## BACKGROUND

On December 10, 2007, the Board met for a public hearing to consider whether Perkins's house located at 600 Hackberry Street was a public nuisance in need of abatement. Perkins appeared at the hearing and addressed the Board. The Board determined that the property was a public nuisance and its conditions were ordered to be abated by demolition of the main structure. The order required Perkins to complete the demolition no later than December 24, 2007. The order provided that it would become final at the expiration of thirty days, and Perkins's failure to comply with the order would result in the City's demolition of the main structure.

On December 21, 2007, Perkins filed a petition in district court requesting injunctive relief. The trial court construed Perkins's petition as a request for judicial review of the Board's order pursuant to section 214.0012 of the Texas Local Government Code and issued a writ of certiorari ordering the City to provide certified or sworn copies of relevant papers and transcripts, as well as

a statement of facts, showing the grounds of the Board's decision. The City filed its return of citation with the required documents on February 8, 2008. On March 13, 2008 the City filed a motion to enter order, requesting the trial court to affirm the Board's order. After conducting a hearing on March 24, 2008, the trial court signed an order affirming the Board's order.

### SUBSTANTIAL EVIDENCE REVIEW

In several issues, Perkins complains that the trial court deprived him of his right to present evidence at the hearing it conducted contrary to the substantial evidence rule and in violation of his due process rights.

"Texas recognizes a range of standards for reviewing administrative decisions: (1) pure trial de novo; (2) pure substantial evidence; and (3) substantial evidence de novo." *In re Edwards Aquifer Authority*, 217 S.W.3d 581, 586 (Tex. App.—San Antonio 2006, orig. proceeding). In this case, the trial court applied the "pure substantial evidence" standard which "authorizes the reviewing court to consider only the factual record made before the administrative body and determine if its findings are reasonably supported by substantial evidence." *Id*.

In *Wu v. City of San Antonio*, this court considered the standard applicable in reviewing a demolition order issued by the Board. 216 S.W.3d 1, 2 (Tex. App.—San Antonio 2006, no pet.). We noted that the applicable review process "creates a hybrid standard of review wherein a trial court must determine, *by an examination of the evidence presented at trial*, whether there is substantial evidence to support the [Board's] ruling." *Id*. at 4 (emphasis added). We further noted, "The trial court may consider any evidence 'in existence at the time of the hearing before the appeal tribunal regardless of whether it was introduced at the administrative hearing.'" *Id*. at 5. The type of review described in *Wu* was a substantial evidence de novo review, which is "a hybrid standard

[that] allows the reviewing court to hear additional evidence in existence at the time of the administrative hearing, regardless of whether it was actually introduced at the administrative hearing." *In re Edwards Aquifer Auth.*, 217 S.W.3d at 586.

In reaching our conclusion in *Wu* regarding the applicable standard of review, we mistakenly relied on the standard contained in section 212.202(a) of the Texas Labor Code which provides for judicial review by "trial de novo based on the substantial evidence rule." *See Wu*, 216 S.W.3d at 4; TEX. LAB. CODE ANN. § 212.202(a) (Vernon 2006). However, section 212.202 is applicable only to judicial review of a final decision of the Texas Workforce Commission. *See* TEX. LAB. CODE ANN. §§ 212.201-212.202 (Vernon 2006). Judicial review of a decision by the Board, on the other hand, is governed by section 214.0012 of the Texas Local Government Code. TEX. LOC. GOV'T CODE ANN. § 214.0012 (Vernon 2008).

Section 214.0012(f) provides that an "[a]ppeal in the district court shall be limited to a hearing under the substantial evidence review." TEX. LOC. GOV'T CODE ANN. § 214.0012(f) (Vernon 2008). As evidenced by the language used in section 212.202(a) of the Texas Labor Code, if the Legislature had intended to provide for a substantial evidence de novo review, it understood the language that it would need to include in the statute. *Compare* TEX. LAB. CODE ANN. § 212.202(a) (Vernon 2006) *with* TEX. LOC. GOV'T CODE ANN. § 214.0012(f) (Vernon 2008). Moreover, if the Legislature had intended to allow a party seeking judicial review of a Board's order to present additional evidence, it also understood the language it would need to include in section 214.0012(f) to permit such a presentation.[1] *See* TEX. GOV'T CODE ANN. 2001.175(c), (e) (Vernon

---

[1] We note that in the same legislation adopting section 214.0012, the Legislature amended a different section of the Texas Local Government Code to remove language authorizing the presentation of additional evidence and substituted a substantial evidence review. Act of May 26, 1993, 73rd Leg., R.S., ch. 836, 1993 Tex. Gen. Laws 3292.

2008) (giving trial court discretion to allow presentation of additional evidence and requiring trial court to receive evidence of procedural irregularities); *but see City of Arlington v. Centerfolds, Inc.*, 232 S.W.3d 238, 248 (Tex. App.—Fort Worth 2007, pet. denied) (noting Administrative Procedure Act, which includes section 2001.175, applies only to state agency hearings, making it inapplicable to a judicial review of the Board's decision). By limiting the review of the Board's order to "a hearing under the substantial evidence review," the clear language of section 214.0012(f) limits the review a trial court is to conduct to a "pure substantial evidence" review. *See* TEX. LOC. GOV'T CODE ANN. § 214.0012(f) (Vernon 2008); *see also Nussbaum v. City of Dallas*, 948 S.W.2d 305, 308 (Tex. App.—Dallas 1996, no writ) (noting standard under section 214.0012 is substantial evidence review). Accordingly, we disapprove of our conclusion in *Wu* regarding the applicable standard for reviewing the Board's orders.

Under a pure substantial evidence review, the trial court in this case was authorized to consider only the factual record made before the administrative body in determining whether substantial evidence supports the Board's order. *See In re Edwards Aquifer Auth.*, 217 S.W.3d at 586. Accordingly, the trial court in this case did not err in conducting a pure substantial evidence review.[2]

---

[2] We note, however, that in addition to reviewing whether substantial evidence supports the Board's order, an arbitrary action of an administrative agency cannot stand, including any action that deprives a party of due process; therefore, the trial court also is permitted to consider whether the proceedings before the Board satisfied the requirements of due process. *See, e.g., Lewis v. Metropolitan Sav. & Loan Ass'n*, 550 S.W.2d 11, 16 (Tex. 1977) *City of Arlington.*, 232 S.W.3d at 248-254; *Lee v. City of Houston*, No. 14-05-00366-CV, 2006 WL 2254401, at *3-6 (Tex. App.—Houston [14th Dist.] Aug. 8, 2006, pet. denied) (mem. op.); *City of Garland v. Walnut Villa Apts., L.L.C.*, No. 05-01-00234-CV, 2001 WL 789298, at *3 (Tex. App.—Dallas July 12, 2001, no pet.); *United Ind. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 123 (Tex. App.—San Antonio 1995), *writ denied*, 940 S.W.2d 593 (Tex. 1996); *Grace v. Structural Pest Control Bd.*, 620 S.W.2d 157, 160 (Tex. Civ. App.—Waco 1981, writ ref'd n.r.e.).

**NOTICE OF HEARING**

In his fourth issue, Perkins contends the trial court erred in setting its hearing without the forty-five days notice required by Texas Rule of Civil Procedure 245 or, in the alternative, the twenty-one days notice required by Texas Rule of Civil Procedure 166a for a summary judgment hearing. The City did not respond to this argument in its brief; however, during oral argument, the City asserted that Perkins was only entitled to three days notice under Texas Rule of Civil Procedure 21.

Rule 245 is entitled "Assignment of Cases for Trial" and requires forty-five days notice of a first setting for a trial of a contested case. TEX. R. CIV. P. 245. Rule 21 is entitled "Filing and Serving Pleadings and Motions" and requires a party to serve "[a]n application to the court for an order and notice of any hearing thereon" upon all other parties "not less than three days before the time specified for the hearing unless otherwise provided by these rules or shortened by the court." TEX. R. CIV. P. 21.

Rule 21 is inapplicable to a trial setting. *Fishing Publications, Inc. v. Williams*, 661 S.W.2d 323, 325 (Tex. App.—Corpus Christi 1983, no writ). A hearing that is dispositive of a case is effectively a trial setting. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 391 (Tex. 1989); *In re Matter of $475,001.16*, 96 S.W.3d 625, 627-28 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Coastal Banc SSB v. Helle*, 48 S.W.3d 796, 801 (Tex. App.—Corpus Christi 2001, pet. denied); *Bradford v. Bradford*, 971 S.W.2d 595, 597 (Tex. App.—Dallas 1998, no pet.). Because the trial court's hearing in the instant case was dispositive of the merits of underlying case, the hearing was

effectively a trial setting. Accordingly, the trial court erred in not providing Perkins with forty-five days notice of the hearing.[3]

### BOARD'S ORDER NOT VOID

In his third issue, Perkins contends the Board's order is void because it ordered Perkins to demolish the main structure on his property by December 24, 2007, which was less than thirty days after the Board's order was signed. Perkins refers to section 214.0012(a) which provides that the Board's decision becomes final upon the expiration of thirty calendar days after the copy of the Board's final decision is personally delivered, mailed or delivered by mail. *See* TEX. LOCAL GOV'T CODE ANN. § 214.0012(a) (Vernon 2008). As the Texas Supreme Court has noted, however, "[a] judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court." *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990). Perkins does not argue that the Board's order is void on any of these bases. Moreover, the Board's order expressly provided that it was not final until thirty days had elapsed and did not state that the City was authorized to abate the conditions before the thirty days had elapsed. Therefore, the Board's order is not void.

### EFFECTIVENESS OF ORDER

Perkins cites no authority to support his contention that the Board's order is no longer effective because it required the demolition to be complete by December 24, 2007. Perkins asserts

---

[3] We note the City may have been able to seek a ruling through a motion for summary judgment that would decrease the required notice to twenty-one days. *See* TEX. R. CIV. P. 166a; *In re Edwards Aquifer Authority*, 274 S.W.3d 742, 751 (Tex. App.–San Antonio, 2008, pet. filed) (addressing substantial evidence review in appeal of summary judgment); *City of Arlington*, 232 S.W.3d at 242-43 (appellants used summary judgment motion to seek affirmance of Board's order by the trial court).

that because the December 24, 2007, date has passed, no valid order allows the City to demolish his home.  The order, however, required Perkins to demolish the home by December 24, 2007, and permitted the City to do so after that date only if Perkins failed to comply with the order.  The order is, therefore, still effective.

## CONCLUSION

Because Perkins was not provided with proper notice of the trial court's hearing, we reverse the trial court's order and remand the cause for a new hearing.


Marialyn Barnard, Justice