Court of Appeals
Fourth Court of Appeals District of Texas




# OPINION

No. 04-09-00601-CV

Edward **SLAVIN**, Sr., Edward Slavin, Jr., and Sheila Slavin,
Appellants

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-08709
Honorable Larry Noll, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:  October 27, 2010

AFFIRMED

The underlying case involves an appeal to the district court from a repair and demolition order issued by the City of San Antonio's Dangerous Structure Determination Board ("the Board"). The district court remanded consideration of Edward Slavin Sr.'s property back to the Board and affirmed the Board's order as to Edward Slavin, Jr. and Sheila Slavin (collectively, "the Slavins"). The Slavins appeal on due process grounds. The City filed a cross-appeal

arguing the trial court improperly remanded Slavin Sr.'s property to the Board and improperly did not rule on its request for attorney's fees.

## DUE PROCESS

The Slavins do not challenge the sufficiency of the evidence in support of the Board's order. Instead, the Slavins contend they were improperly denied the opportunity to conduct discovery and offer evidence on the issue of whether their due process rights had been violated by the Board's alleged fraud, bad faith, or abuse of discretion.

After the Board issued its demolition order, the Slavins appealed to district court. The City filed the Verified Return of Writ of Certiorari containing the record of the hearing before the Board. At some point, the Slavins served the City with discovery requests "dealing with due process issues in front of the" Board. It is unclear what form these requests took, but in any event, the City did not respond and, instead, filed for a protective order. The Slavins filed a motion to compel. At a pretrial hearing, Judge Martha Tanner heard the motion to compel, and subsequently denied it. Later at trial, Judge Noll refused to reconsider Judge Tanner's ruling, and the Slavins' attorney asked and was allowed to make a "proffer" on the record of what he expected to find in discovery. The Slavins stated they had two witnesses who would testify that the Board was comprised of City employees who conferred with the City attorney before making their decision "and then they do whatever the City recommends." The Slavins also said they had witnesses who would "testify that a number of people are prevented from testifying in front of the" Board. Finally, they asserted they could show that "the board ruled six to zero [in] 99.9 percent of the cases. When the board appears, they don't allow people to ask questions directly. They only allow questions to be asked through the board. Numerous witnesses are not allowed to present evidence . . . ."

The Slavins also asserted that the only issue before Judge Tanner was the motion to compel discovery and her ruling on that motion did not dictate what evidence Judge Noll could hear at the trial. The Slavins argued that a footnote in this court's opinion in *Perkins v. City of San Antonio*, 293 S.W.3d 650 (Tex. App.—San Antonio 2009, no pet.), allowed them to present evidence to Judge Noll on their due process claims. In *Perkins*, a panel of this court discussed the type of review that must be conducted when reviewing a repair and demolition order such as the one here. The court held that a "pure substantial evidence" review was appropriate, but the court also stated as follows in a footnote:

> We note, however, that in addition to reviewing whether substantial evidence supports the Board's order, an arbitrary action of an administrative agency cannot stand, including any action that deprives a party of due process; therefore, the trial court also is permitted to consider whether the proceedings before the Board satisfied the requirements of due process.

*Id.* 654 n.2.

On appeal, the Slavins assert this footnote allows for the type of discovery they requested for the purpose of determining due process violations, such as fraud, bad faith, or abuse of discretion.

Under a pure substantial evidence review, the trial court must consider only the factual record made before the administrative body in determining whether substantial evidence supports the Board's order. *Id.* at 654. However, an agency's final order may be supported by substantial evidence and yet be invalid for arbitrariness. *Lewis v. Metro. Sav. & Loan Ass'n*, 550 S.W.2d 11, 13-14 (Tex. 1977). An administrative agency acts in an arbitrary manner when the treatment accorded to parties in the administrative process denies them due process of law. *Id.* at 16.

We do not agree that a broad allegation that a landowner's due process rights are violated because the administrative body considering whether to issue a repair and demolition order is

composed entirely of City employees rather than impartial citizens is per se the type of claim envisioned by the *Lewis* and *Perkins* courts. Instead, any alleged due process violation must be founded in the record that was made before the Board. For example, as discussed further below, the trial court here considered whether Slavin Sr. received proper notice of the hearing. Neither the Slavins nor the City raised notice as an issue. Instead, while reviewing the administrative record, the trial court sua sponte raised the issue because the record indicated Slavin Sr. may not have received proper notice. Another example is found in the *Lewis* opinion wherein the record indicated the hearing examiner excluded competent and material evidence from the administrative record, thus precluding its consideration by the Commissioner in his decision. 550 S.W.2d at 14. The appellate court held that "[t]he requirement that proper evidence be received is a necessary counterpart of the rule that the agency must give due weight to all the evidence before it; refusal to consider proper evidence which has been duly proffered falls within the condemnation that voids arbitrary administrative action." *Id.* at 15 (internal citation omitted).

We conclude the record from the hearing before the Board does not indicate a due process violation in this case. Even if the Slavins are correct that the Board is comprised entirely of City employees, the record does not reveal the Board acted in any arbitrary manner. Our review of the transcript of the Board hearing reveals that at no time were the Slavins prevented from asking questions of any witness, the Slavins were allowed to speak on each property, at no time were they prevented from testifying, and they did not attempt to present any evidence.

Therefore, we hold the trial court did not err in refusing to allow additional discovery to be conducted or additional evidence to be placed into the record.[1]

## SERVICE ON EDWARD SLAVIN, SR.

In its cross-appeal, the City asserts the trial court erred in reversing the Board's order with regard to all property in which Slavin Sr. has an interest. According to the City, it mailed notice to Slavin Sr., and because proof that he actually received the notice is not required, notice by publication and posting was sufficient.[2]

The San Antonio Municipal Code requires that pre-notice of a hearing before the Board "shall be: (1) Personally to the owner in writing; or (2) By letter addressed to the owner at the owner's post office address." SAN ANTONIO, TX., MUN. CODE § 6-162(b)(1), (2). "*If personal service cannot be obtained* or the owner's post office address is unknown [service may be]: a. By publication at least twice within ten (10) consecutive days; and b. By posting the notice on or near the front door of each building on the property to which the violation relates." *Id.* § 6-162(b)(3) (emphasis added).

The Texas Local Government Code also requires that the record owners of the affected property must be given notice of all proceedings: "(1) by personal delivery, by certified mail with return receipt requested, or by delivery by the United States Postal Service using signature confirmation service . . . ." TEX. LOC. GOV'T CODE ANN. § 54.035(a)(1) (West Supp. 2010). If

---

[1] On appeal, the Slavins also assert they were denied a fair hearing under the due process clause of both the U.S. and Texas constitutions. In a single sentence under their argument they contend the City's "statute is unconstitutional because it has persons with a pecuniary interest (their jobs) making the decision" to tear down structures on private property. Also in a single sentence, the Slavins contend the City may be going beyond its authority to "destroy[] houses" on a nuisance abatement pretext, and in doing so "is completing an unjustified taking." We do not address these complaints because the Slavins do not cite to the specific City ordinance with which they take issue and which they claim is unconstitutional; they make no argument as to how any ordinance is unconstitutional either facially or as applied; and they do not elaborate on their takings claim or establish the elements of such a claim.

[2] There appears to be no dispute that the City published notice of the hearing in the "Daily Commercial Recorder"; posted notice on the Slavins' property, although it is unclear whether notice was posted on every building on the property; and sent a copy of the notice to the Oak Grove Estates Neighborhood Association and the Bexar County District Clerk's Office.

the owner is unknown, notice must be given "by posting a copy of the notice on the front door of each improvement situated on the affected property or as close to the front door as practicable." *Id.* at § 54.035(a)(2). "The notice must be posted and either personally delivered or mailed on or before the 10th day before the date of the hearing before the commission panel and must state the date, time, and place of the hearing. In addition, the notice must be published in a newspaper of general circulation in the municipality on one occasion on or before the 10th day before the date fixed for the hearing." *Id.* at § 54.035(b). The Local Government Code further provides as follows: "When a municipality mails a notice in accordance with this section to a property owner, lienholder, or registered agent *and the United States Postal Service returns the notice as 'refused' or 'unclaimed,'* the validity of the notice is not affected, and the notice is considered delivered." *Id.* at § 54.035(f) (emphasis added).

Thus, the City is correct that it may provide notice to a landowner by publication or posting. However, we do not agree that such notice is proper in the absence of evidence that personal service on the landowner could not be obtained. Here, the record contains a copy of (1) the Notice of Public Hearing addressed to Slavin Sr., (2) a copy of the United States certified mail receipt addressed to Slavin Sr. indicating the notice was sent by certified mail on March 13, 2009, and (3) a copy of the back of the "green card." The "green card" is not signed by Slavin Sr. or anyone else evidencing its receipt. The City contends the notice was subsequently returned as "unclaimed," but nothing in the record supports this contention. The only stamp on the back of the "green card" reads "Received Apr 17 2009," a date after the Board hearing. At the hearing before the trial court, the City's attorney stated he thought the "Received" stamp was placed there by a City employee when the City received the notice back from the post office. The City wanted to supplement the record before the trial court with a copy of the side of the

envelope that, according to the City, showed the number of attempts at delivery to Slavin Sr. The trial court voiced its concern that its review was limited to the record brought before it; however, the court was willing to entertain arguments and recommendations on this issue and continued the hearing until the next day.

The next day, the City stated it went back to the original record that was before the Board and found the other side of the envelope, and the City asked to supplement the record before the trial court. The trial court then asked how the copy could be added to the record if nothing indicated the copy was of an original document reviewed by the Board and the copy was not sponsored or certified by the Board, anyone from Code Compliance, or the City's Housing and Development Services Department. The City then recommended a stay in the proceedings and the court could "reverse the portion with [Slavin Sr.] . . . and that would bring it back . . . for a de novo review of . . . the entire process." The trial court decided to affirm as to everyone except Slavin Sr., and as to him "it's remanded back to the Board for further proceedings to start the process."

Nothing in this record supports the City's contention on appeal that personal service on Slavin Sr. could not be obtained or that the notice sent to Slavin Sr. was returned as unclaimed, undelivered, or refused. Because the City did not establish that service on Slavin Sr. was unsuccessful, it was not entitled to rely on notice by posting or publication. Therefore, we conclude the trial court did not err in remanding the cause as to Slavin Sr. because the record does not show the validity of service of the notice.

### ATTORNEY'S FEES

The City also contends the trial court erred by not awarding it attorney's fees. A district court "shall allow to the municipality all attorney's fees and other costs and expenses" "[i]f the

decision of the municipality is affirmed or not substantially reversed but only modified." *Id.* at § 214.0012(h) (West 2008). On appeal, the City asserts that because the trial court found in its favor as to all property owners except Slavin Sr., it should be awarded its attorney's fees. At the end of the hearing the trial court told the City "[w]hen this case comes back up, I will deal with this issue [regarding fees]. I'm not going to deal with it now." The City's attorney did not object. Therefore, the City has not established error on the part of the trial court.

## CONCLUSION

We overrule all issues on appeal and affirm the trial court's judgment.

Sandee Bryan Marion, Justice