COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 ALICIA WILSON
 KUYKENDALL, 
  
                            
 Appellant,
  
 v.
  
  
 CITY OF SAN ANTONIO, INDIVDUALLY AND ON
 BEHALF OF THE CITY OF SAN ANTONIO DANGEROUS STRUCTURE DETERMINATION BOARD,
  
                             Appellees.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
  § 
  
 §
  
 §
 
 
  
  
  
 No. 08-10-00208-CV
  
 Appeal from the
  
  150th Judicial District Court
  
 of
 Bexar County, Texas 
  
 (TC# 2009C118878) 
  
 
 


 

 

O P I N I O N

 

Ms. Alicia
Kuykendall appeals the district court’s judgment affirming the San Antonio
Dangerous Structure Determination Board’s decision ordering two buildings to be
demolished.  She raises three issues for
this Court’s review.  Issues One and Three challenge the notice procedures related to the
condemnation proceedings on due process grounds.  In Issue Two, Ms. Kuykendall asserts
that the demolition order entered by the administrative body below is erroneous
because she was not provided proper notice of the proceedings.  Finding no reversible error, we affirm.

 

BACKGROUND

Alicia Kuykendall
owns two buildings known as 307 and 309 Cactus Street in San Antonio
Texas.  She resides in Austin,
Texas.  In April of 2009, the City of San
Antonio received a complaint that there were problems with 307 and 309 Cactus
Street, and sent an investigator to inspect and record the condition of the
buildings.  Finding the buildings badly
deteriorated, the investigator recommended the properties to the San Antonio
Dangerous Structure Determination Board (“DSDB”).  On October 12, 2009, the DSDB held a public
hearing to determine whether the buildings should be demolished.  With evidence provided by the city’s
investigator in hand, the DSDB determined the buildings constituted public
nuisances and ordered that they be demolished.

            Ms.
Kuykendall appealed the DSDB’s decision by filing a verified petition in the
150th Judicial District Court in Bexar County on November 20, 2009.  In her amended verified petition, Ms.
Kuykendall alleged that the demolition order was subject to reversal on the basis
that DSDB failed to notify her of the hearing violating her right to due
process of law.  She argued that she was
not provided pre-hearing notice, was unable to attend the hearing, and did not
become aware of the board’s decision until approximately two weeks after the
hearing.

According to the
original petition, the DSDB sent notice of the hearing to Ms. Kuykendall’s
residential address by first class, certified mail, return receipt requested,
on October 2, 2009, approximately ten days prior to the hearing.  When the postal service attempted delivery on
October 3, 2009, Ms. Kuykendall was not at her residence to receive the
delivery.  According to the original
petition, the postal service made another unsuccessful delivery attempt on October 22,
2009.  There is no explanation in the
record for the delay between the first and second delivery attempts.  The pre-hearing notices were deposited in Ms.
Kuykendall’s mail box, without her signature of receipt on October 28, 2009.

On October 21,
2009, after the hearing, the DSDB sent documentation of the board’s decision,
as well as the demolition orders, by first class, certified mail, return
receipt requested to Ms. Kuykendall’s residential address.  On October 22, 2009, Ms. Kuykendall visited
the Cactus Street properties in person and discovered that the board had posted
notice of the hearing on the premises at 309 Cactus.  When she returned home, Ms. Kuykendall
received a letter, sent certified mail, return receipt requested, notifying her
of the demolition orders.  The sequence
of events was summarized in the amended petition as follows:

October 2, 2009 - Public Hearing set
for October 12, 2009 and Pre-Hearing Notice Mailed;

 

October 12, 2009 - Public Hearing Held Without
[Ms. Kuykendall’s ] Presence;

 

October 22, 2009 - Demolition
Orders Issued and Mailed;

 

October 23, 2009 - [Ms. Kuykendall]
Receives and Signs for Demolition Orders; and

 

October 28, 2009 - [Ms. Kuykendall]
Receives the Pre-Hearing Notice.

 

In its response to
the petition, the City noted that Ms. Kuykendall’s arguments were not directed
toward the substantive contents of the notice, but to the timeliness of its receipt.  According to the response, in addition to the
chain of events contained in Ms. Kuykendall’s pleadings, the City also attempted
to notify the property owner by:  filing
notice in the Bexar County Clerk property records; publishing the notice in a
newspaper of general circulation in San Antonio; and posting notice of the
hearing in San Antonio’s City Hall, as well as on the City’s website.

On April 13, 2010,
the district court heard additional argument. 
By written order entered June 11, 2010, the district court affirmed the
DSDB’s decision, but stayed enforcement of the order for fourteen days to
permit Ms. Kuykendall time to perfect her appeal.  Ms. Kuykendall filed a motion for new
trial on June 23, 2010.  For the first
time, Ms. Kuykendall challenged the composition of the DSDB as a violation
of her due process rights.  According to
the motion, by requiring that the board be comprised of city employees, the
statute creating the body violated the due process clause of the federal
constitution and created a conflict of interest.  The trial court denied the motion by written
order on June 25, 2010.  This appeal
follows.

ANALYSIS

We begin with a
brief overview of the law related to an appeal from an administrative agency.  Chapter 54 of the Texas Local Government Code
provides municipalities with the general authority to enforce rules, ordinances,
and police regulations enacted by their governing bodies.  See
Tex.Loc.Gov’t Code Ann. § 54.001(a)(West
2008).  In addition, Chapter 214 of the
Code provides municipalities with specific authority to pass substantive
ordinances regulating the identification, repair, and demolition of substandard
buildings.  See Tex.Loc.Gov’t Code Ann. § 214.001(a)(West Supp. 2011).  Chapter
214 contains minimal procedural standards for administrative proceedings
related to the enforcement of those standards, as well as the procedures for
judicial review.  See Tex.Loc.Gov’t Code Ann. §§ 214.001, 214.0012
(West 2008).  In short, Chapter 54
provides the framework for notice and hearing for municipal ordinance
violations, while Chapter 214, in relevant part, outlines the procedures following
an administrative determination that a building is substandard.  See Tex.Loc.Gov’t Code Ann. §§ 54.001, 54.035; Tex.Loc.Gov’t Code Ann. § 214.001 et seq.

The City of San
Antonio has enacted ordinances pursuant to its authority under Chapters 54 and
214, in Chapter Six, Article VIII of its Code of Ordinances.  San
Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, §§ 6-158, 159, and 163(2008).  The DSDB, created by Section 6-158, is vested
with the City’s authority under Texas Government Code Section 214.001.  See
San Antonio, Tex., Rev. Ordinances
ch. 6, art. VIII, § 6-158.  A property owner may appeal a DSDB decision
on the basis that the board’s decision was illegal by filing a verified
petition in the district court.  San Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, § 6-173(a) (1997).  The appeal is by writ of certiorari, and is
limited to a hearing under the substantial evidence rule.  Tex.Loc.Gov’t Code Ann. § 214.0012;
San Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, § 6-173(c).

In a pure
substantial evidence review, the administrative action is presumed to be valid
and supported by substantial evidence.  See Perkins v. City of San Antonio, 293
S.W.3d 650, 654 (Tex.App.--San Antonio 2009, no
pet.); Nussbaum v. City of Dallas,
948 S.W.2d 305, 308 (Tex.App.--Dallas 1996, no writ).  In the district court, it is the petitioner’s
burden to demonstrate the illegality of the administrative decision.  Office of Pub. Utility Counsel v. Pub. Utility Comm’n of Tex., 895 S.W.2d
712, 714 (Tex.App.--Austin 1993), rev. on
other grounds by, 878 S.W.2d 598 (Tex. 1994).  Similarly, on appeal from the district court,
it is the appellant’s burden to show error. 
Id. at 714.  This
burden includes presenting a complete record, including the record produced
during the administrative proceedings.  Id.  Absent
such a record, the reviewing court must presume that the agency’s order was
valid and supported by substantial evidence. 
See Nussbaum, 948 S.W.2d at 308.

As stated above,
Ms. Kuykendall’s appeal does not include a challenge that the evidence before
the board was insufficient to support its decision.  Indeed, the appellate record in this case does
not include the record produced in the administrative hearing.[1]  Therefore, a substantial evidence review of
the merits of the administrative decision in this case could have but one
result; the DSDB’s decision and district court’s order would be affirmed as Ms.
Kuykendall cannot demonstrate the decision was unsupported.  See
Nussbaum, 948 S.W.2d at 308.  Instead, Ms. Kuykendall argues that the composition
of the DSDB violates her due process right to have her case decided by an
impartial fact finder.  She contends that
the DSDB did not comply with the notice requirements under San Antonio’s
ordinances, or as required by state law. 
Finally, she argues that the DSDB’s notice requirement violates notions
of due process under the state and federal constitutions.

As noted by the
City in its brief, the argument Ms. Kuykendall presents in Issue One has
already been addressed by the Court of Appeals for the Fourth District of
Texas, in San Antonio.[2]  See Slavin v. City of San Antonio, 330
S.W.3d 670 (Tex.App.--San Antonio 2010, no
pet.).  In Slavin, our sister court was
asked whether an administrative decision was a per se violation of a property owner’s due process rights because
the body was comprised of city employees, rather than “impartial citizens.”  See Slavin, 330 S.W.3d at 672.  As is the case before us in this instance,
the record in Slavin,
did not indicate that such an argument was made to the administrative body, and
as in this case, there was no indication that the body acted in an arbitrary
manner.  Id. at 672-73.  We see no reason to depart from the San
Antonio Court of Appeals’ prior determination of this argument based on the
record before us, and Ms. Kuykendall has made no attempt to distinguish the
facts or analysis presented in Slavin from the instant case.  Issue One is overruled.  See
Tex.R.App.P. 41.3.

In Issue Two, Ms.
Kuykendall contends that the DSDB’s decision was invalid because the board
failed to comply with state and local notice requirements.  Her argument does not challenge the contents
of the notices sent to her residence, rather it focuses on the timeliness of
their receipt.  As the San Antonio Court
of Appeals noted in Perkins, although
the district court’s review of the administrative decision is confined to a
substantial evidence review, the court is not prohibited from considering
whether the proceedings before the administrative body complied with concepts
of due process, including notice.  See Perkins, 293 S.W.3d at 654 n.2.  By
affirming the demolition order in this case, the district court implicitly
concluded that Ms. Kuykendall had been notified of the proceedings in
accordance with the law, and was not denied due process.  Given the absence of a record of the DSDB
proceedings in this case, Ms. Kuykendall’s argument can only be considered
in light of the competing verified petitions filed in the district court and
the applicable statutory provisions in the Texas Labor Code, and San Antonio’s
Code of Ordinances.  We turn first to the
state statutes.

Local Government
Code Section 54.035 requires that notice of proceedings for the enforcement of
municipal ordinances must be given:

(1)   by
personal delivery, by certified mail with return receipt requested, or by
delivery by the United States Postal Service using signature confirmation
service, to the record owners of the affected property . . . and;

 

(2)   to
all unknown owners, by posting a copy of the notice on the front door of each improvement
situated on the affected property or as close to the front door as practicable.

 

Tex.Loc.Gov’t Code Ann. § 54.035(a)(West
Supp. 2011).

            The
notice must be posted “and either personally delivered or mailed on or before
the 10th day before the date of the hearing . . . .”  Tex.Loc.Gov’t Code Ann. § 54.035(b).  The statute further provides that a
municipality “may” file notice of the proceedings in the property records in
the county in which the property is located, Tex.Loc.Gov’t Code Ann. § 54.035(c), and states
that when the municipality “mails a notice in accordance with this section . .
. the validity of the notice is not affected, and the notice is considered
delivered.”  Tex.Loc.Gov’t Code Ann. § 54.035(f).

            There
is no dispute that the DSDB used the mail to send, by certified mail, return
receipt requested, notice that a hearing was scheduled on October 2, 2009, to
Ms. Kuykendall.  Ms. Kuykendall does
not allege that the notice was mailed less than ten days prior to the
hearing.  She also concedes that the post
office attempted to deliver the notice to her residential address on October 3,
2009.  Her argument is limited to the
fact that because she did not receive the notice until October 22, 2009, it was
ineffective and in violation of the statutory requirements.  We are not persuaded by this argument.  There is nothing in the language of the
relevant sections of the Local Government Code to indicate that receipt by the
property owner is required, and we are unaware of Texas case law that has imposed
such a requirement.[3]  As such, there is no basis in this record to
overrule the district court’s conclusion that the DSDB’s notice complied with
state law, and Issue Two is overruled as to that argument.

            We
are left to consider the applicable sections of San Antonio’s Code of
Ordinances.  At the center of Ms.
Kuykendall’s argument is her interpretation of Section 6-162, titled, “Notice
of Hearing.”  San Antonio, Tex.,
Rev. Ordinances ch.
6, art. VIII, § 6-162 (1997).  According to sub-paragraph (a), the code
compliance officer is responsible for locating the property owner and preparing
the pre-hearing notice.  San Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, § 6-162(a).  The notice must inform the property owner that
hearing before the DSDB has been scheduled, and note the date and time of that
hearing.  San Antonio, Tex.,
Rev. Ordinances ch.
6, art. VIII, § 6-166(a)(2002).  The subsection concludes by specifying that
the date of the hearing cannot be less than five, or more than sixty days,
after “receipt” of the notice.  See San
Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, § 6-166(a).

According to Ms.
Kuykendall, because the hearing was held on October 12, and she did not receive
notice of the hearing until October 22, the City’s notice failed to meet the
five-to-sixty day requirement.  In
response, the DSDB argues that in cases where notice is sent via the United
States Postal Service, rather than by personal delivery “receipt” under Section
6-166(a), refers to the date the notice is posted, not the date it is
delivered.  In essence, this is a
question of statutory construction, subject to de novo review.  See Milestone Potranco
Dev., Ltd. v. City of San Antonio, 298 S.W.3d 242, 243 (Tex.App.--San
Antonio 2009, pet. denied).  When
construing a statute, our primary goal is to determine, and give effect to the
enacting body’s intent.  Id.  To
do so we use the plain meaning of the statute’s language, unless to do so would
cause an absurdity, because a contrary intention is apparent from the context.  Id.  In this instance, the exception controls.

It is reasonable
to interpret Section 6-166(a) as contemplating the following chain of events:  (1) the DSDB designates a certain date and
time to conduct a hearing regarding a certain property; (2) the code compliance
officer prepares a notice for the property owner stating that a hearing has
been scheduled, and noting the date and time; and (3) the notice is
transmitted, by mail, personal delivery, or posting to the property owner.  See
San Antonio, Tex., Rev. Ordinances
ch. 6, art. VIII, § 6-162(b);
San Antonio, Tex., Rev. Ordinances ch. 6, art. VIII, § 6-166(a).  It is reasonable, therefore, to conclude that
the five-to-sixty day limit refers to the date of transmission, rather than the
date the notice is actually delivered to, or received by the property
owner.  Were we to conclude otherwise the
board would be unable to schedule hearings, and the compliance officer would be
unable to include the required information in the notice because the
five-to-sixty days could not be ascertained until after the owner received the notice.  Because Ms.
Kuykendall’s interpretation frustrates the purpose of the provision, and leads
to an absurd result, we disagree with her argument.  The notice was transmitted in accordance with
the ordinance, and the trial court’s implicit finding was not in error.  Accordingly, we overrule the remainder of
Issue Two.

In Issue Three,
Ms. Kuykendall raises a global challenge under the state and federal
constitutions, arguing that the “notice statute” contained in Chapter 214 of
the Local Government Code violates her right to due process.  As a preliminary matter, we note that Ms. Kuykendall’s
argument in support of Issue Three is limited to approximately one double
spaced page of her appellate brief.  The
argument contains three citations; first, a general citation to the United
States Supreme Court’s decision in Mathews
v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893,
902, 47 L.Ed.2d 18 (1976), followed by a citation to the service of process
standard in Texas Rule of Civil Procedure 106, and finally a statement that “Chapter
214, Tex. Loc. Gov. Code contemplates lack of notice . . . as notice.”  The brief then concludes that state law, “essentially
turns due process on its head.”  The
Texas Rules of Appellate Procedure require an appellant’s brief to contain, “a
clear and concise argument for the contentions made, with appropriate citations
to authorities and to the record.”  Tex.R.App.P. 38.1(i).  While we
question whether Ms. Kuykendall’s discussion of Issue Three satisfies this
standard, we will nonetheless briefly address the issue in the interests of
justice.

As discussed in
our analysis of Issue Two, Ms. Kuykendall’s argument against the DSDB’s
decision was based on her assertion that she did not receive notice of the
hearing.  In our overview of the
applicable statutes, we noted that Chapter 54 of the Local Government Code
prescribes the manner in which a municipality shall notify an individual that
they are in violation of an ordinance.  See Tex.Loc.Gov’t Code Ann. § 54.035 et.
seq.  Because
Chapter 214 does not apply in a manner that would have affected Ms. Kuykendall’s
receipt of the pre-hearing notice, there is no basis for a due process violation.  Accordingly, Issue Three is overruled.  

CONCLUSION

Having overruled
all of Appellant’s issues, we affirm the district court’s judgment.  

 

 

February 1, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and
Antcliff, JJ.











[1]
During oral argument Appellant’s counsel indicated that the DSDB record had
been filed, pursuant to an order granting a motion to supplement entered by
this Court.  We are unaware of any such
motion or order.  According to our
records (including information forwarded from the Fourth Court of Appeals):

 

(1)     By
letter dated April 18, 2011, Appellant’s counsel sent a digital copy of the
DSDB record in the form of a compact disc (CD). 
Counsel requested that the digital copy, “be filed in the 8th Court of
Appeals.”

 

(2)     This
Court responded to counsel’s request by letter dated April 21, 2011, returning
the CD, and instructing counsel to make arrangements “with the District Clerk
or Court Reporter to have it prepared in a supplemental record and filed with
this Court.”  We received no response.

 

(3)    
On May 5, 2011, this Court received and filed
the City of San Antonio’s objection to Appellant’s “LATE ATTEMPT TO SUPPLEMENT
THE RECORD.”

 

(4)    
Appellant responded to the City’s objection, in
writing, filed in this Court on May 27, 2011. 
According to the response, Appellant’s counsel did not recognize the
need for a supplemental record until the City noted the omission in its
appellee’s brief.

 

As of the date of
submission, there is no record that Appellant filed a motion to supplement the appellate
record.  Additionally, there has been no
response to this Court’s April 21, 2011 letter instructing Appellant’s counsel
to make arrangements to supplement the record and there is no record of an
order granting or denying a request to supplement.  No record of the DSDB proceedings has been
filed in this Court.

 





[2]
This case was transferred from the Fourth Court of Appeals to this Court
pursuant to a docket equalization order entered by the Texas Supreme
Court.  See Tex.Gov’t Code Ann. § 73.001 (West 2005).  We have applied precedent of the Fourth Court
of Appeals.  See Tex.R.App.P. 41.3.





[3]
Indeed, Section 54.035(f) indicates that the validity of the notice is not
affected and considered delivered if the notice is not claimed.  Tex.Loc.Gov't Code Ann. §54.035(f).