**Opinion issued July 19, 2012**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-10-00942-CV

————————————

**HDW2000 256 EAST 49TH STREET, LLC AND PLAZA DE CENTRAL
SQUARE, INC., Appellants**

**V.**

**THE CITY OF HOUSTON, Appellee**

---

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Case No. 2010-01156**

---

## MEMORANDUM OPINION

Appellants HDW2000 256 East 49th Street, LLC (LLC) and Plaza De

Central Square, Inc. (the Square) contend that (1) the trial court erred in granting

the City of Houston's plea and dismissing their petition because the petition was timely and (2) even if untimely, the trial court nevertheless erred because the due process claims are distinct from the judicial review claims, and are not subject to the thirty-day filing requirement.

We reverse and remand for further proceedings.

## Background

LLC and the Square are legal entities partially owned by Alfred J. Antonini, a commercial real estate developer. Appellants own two multi-story office buildings and a parking garage located at 2100 Travis Street in Houston, Texas. This property has been unoccupied for approximately ten to fifteen years.

The Legislature authorizes municipalities to regulate housing and other structures and issue orders requiring, *inter alia*, repair, removal, and demolition of such structures, after notice and hearing. *See* TEX. LOC. GOV'T CODE ANN. §§ 214.001, .003 (West 2008 & Supp. 2011), §§ 214.0011–.002, .004–.005 (West 2008), § 214.0031 (West Supp. 2011). Section 214.0012 provides for judicial review of such orders. The Local Government Code authorizes the appointment of a Building and Standards Commission (BSC) to hear and determine cases alleging violations of health and safety ordinances. *See* TEX. LOC. GOV'T CODE ANN. §§ 54.031–.034, .036–.039, .041–.044 (West 2008), §§ 54.035, .040 (West 2008 & Supp. 2011). The City of Houston's BCS conducts

2

administrative hearings pursuant to this authority, and judicial review of its decisions is statutorily prescribed. *See* TEX. LOC. GOV'T CODE § 54.039(a). Because appellants seek judicial review of the BSC decision, section 54.039 controls. *Id.*

On November 4, 2009, the City gave notice to appellants, identifying deficiencies in appellants' property and informing them that a public hearing on the condition of the property would be held on December 2, 2009 before the City's BSC.[1] At the conclusion of the nine-hour hearing, and in the presence of appellants' counsel and Mr. Antonini, the BSC announced its decision: appellants were to secure repair permits within ten days, and repair all the deficiencies cited in the notices within sixty days. This ruling was reduced to a written order the same day, and mailed to appellants on December 3, 2009. Appellants filed their petition for judicial review on January 7, 2010. The City answered, and subsequently filed a Plea to the Jurisdiction and Motion to Dismiss, arguing that appellants' petition was untimely, thus depriving the court of jurisdiction to review the BSC's ruling. The trial court granted the City's plea and dismissed appellants' petition. This appeal followed.

---

[1] Although the hearing was originally scheduled for October 21, 2009, the parties agreed to reschedule the hearing.

**Discussion**

*Standard of Review*

We review a ruling on a plea to the jurisdiction de novo, construing the pleadings in the plaintiff's favor and considering relevant evidence when the existence of jurisdictional facts has been challenged. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–55 (Tex. 2000); *Koll Bren Fund VI, L.P. v. Harris Cnty. Appraisal Dist.*, No. 01-07-00321–CV, 2008 WL 525799, at *2 (Tex. App.—Houston [1st Dist.] Feb. 28, 2008, pet. denied) (mem. op.).

Appellants contend that because their petition was filed within thirty calendar days of one of the three triggering events set out in the statute, their petition was timely. Specifically, appellants maintain that their petition was filed within thirty days of the date they received the BSC's order (i.e., the date the postal service delivered the order via first class mail) pursuant to section 54.039 of the Local Government Code. The City disagrees. The City argues that statutory construction principles require interpretation that the deadline begins on the date of mailing.

*Section 54.039(a)*

Section 54.039(a) of the Local Government Code provides that:

> Any owner, lienholder, or mortgagee of record jointly or
> severally aggrieved by any decision of a commission

4

panel may present a petition to a district court, duly verified, setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. **The petition must be presented to the court within 30 calendar days after the date a copy of the final decision** of the commission panel **is personally delivered**, **mailed** by first class mail with certified return receipt requested, **or delivered** by the United States Postal Service using signature confirmation service, to all persons to whom notice is required to be sent under Section 54.035. . .

TEX. LOC. GOV'T CODE ANN. § 54.039(a) (West 2008) (emphasis added).

### *Law Concerning Statutory Construction*

The primary objective in construing any statute is to give effect to legislative intent. *Warner v. Glass*, 135 S.W.3d 681, 683 (Tex. 2004). We begin with the plain and common meaning of the statute's words. *Id.*; TEX. GOV'T CODE ANN. § 311.011(a) (West 2005). "If the meaning of the statutory language is unambiguous, we adopt . . . the interpretation supported by the plain meaning of the provision's words and terms." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999); *see also Alex Sheshunoff Mgmt. Servs., L.P. v. Johnson*, 209 S.W.3d 644, 651–52 (Tex. 2006). We must, however, be mindful of our duty to glean "legislative purpose from a consideration of the statutory scheme as a whole rather than from a literal application or interpretation of any particular statutory language." *Rylander v. Fisher Controls Int'l, Inc.*, 45

5

S.W.3d 291, 299 (Tex. App.—Austin 2001, no pet.). In doing so, we are committed to interpreting statutory language "according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2011).

The City argues that, applying basic statutory construction principles, we must look to the plain meaning of the words used in the statute and presume that every word was deliberately chosen and that excluded words were intentionally excluded. In this case, the City contends, that means that if the Legislature had intended for the thirty-day deadline to trigger when a party "received" the order, they would have included such language in the statute. This argument is curious. Although appellants use the word "received" they do not argue that we should read something new into the statute, they are just using "received" as a synonym of the word the statute recites (i.e., the date the decision is "delivered by the United States Postal Service using signature confirmation service").

It must be noted that the application of basic statutory construction principles leads to a contrary result than that urged by the City. The plain language of the statute dictates that the petition is due within thirty calendar days after the date a copy of the BSC's final decision is

 (1) **personally delivered**,

 (2) **mailed** by first class mail CMRRR, **or**

(3) **delivered by the United States Postal Service using signature confirmation service**, to all persons to whom notice is required to be sent under Section 54.035.

*See* TEX. LOC. GOV'T CODE ANN. § 54.039(a) (emphasis added). The statute provides three separate triggers for the thirty-day deadline—personal delivery, mailing first class mail CMRRR, and delivery by mail with signature confirmation—as indicated by the presence of the disjunctive conjunction "or." TEX. GOV'T CODE ANN. § 311.011(a) (court's interpret statutory language "according to the rules of grammar and common usage"). The City's method of service effectively triggered both the second and third time frames and, therefore, appellants' filing within thirty days of the third method complies with the statute. The statute makes no one of these three methods preferable to the others or requires the deadline to begin to run from the earliest of the three. Thus, provided that the petition is filed within thirty calendar days of one of these statutorily enumerated events, the petition is timely.

Citing to *Perkins v. City of San Antonio*, 293 S.W.3d 650 (Tex. App.—San Antonio 2009, no pet.) and *Bates v. City of Beaumont*, 241 S.W.3d 924 (Tex. App.—Beaumont 2007, no pet.), the City argues that the appeal must have been filed within thirty calendar days of the date copies of the BSC's orders were mailed by first class certified mail, return receipt requested. The City suggests that interpreting *Bates* and *Perkins* and their respective discussions of section 214.0012

7

is appropriate because appellants referenced both section 214.0012 and section 54.039 of the Local Government Code in their original petition for judicial review.

Neither *Bates* nor *Perkins*, however, supports the proposition that appellants' appeal must have been filed within thirty calendar days of copies of the orders being mailed. *See Perkins*, 293 S.W.3d at 655 (holding "Board's decision becomes final upon the expiration of thirty calendar days after the copy of the Board's final decision is personally delivered, mailed, **or** delivered by mail") (emphasis added); *Bates*, 241 S.W.3d at 928–29 (holding that, under specific facts of case, section 214.0012's thirty-day requirement was triggered on date final decision was mailed). *Bates* does not, however, exclude delivery as a legitimate triggering event under the statute. *See Bates*, 241 S.W.3d at 928–29. *Bates* and *Perkins* simply reflect that section 214.012, as does section 54.039, provides three separate triggers for the thirty-day deadline for parties to file their petition for judicial review challenging the municipality's decision—personal delivery, mailing first class mail CMRRR, and delivery by mail with signature confirmation—as indicated by the presence of the disjunctive conjunction "or." TEX. GOV'T CODE ANN. § 214.0012.

The record reflects that the copies of the order, mailed on December 3, 2009 by first class certified mail with return receipt requested, were delivered to

appellants on December 8, 2009 and December 12, 2009. Appellants filed their petition for judicial review on January 7, 2010.

Based on the record evidence, we hold that the time period for filing a petition for judicial review commenced, at the earliest, on December 8, 2009, the date the final BSC decision was delivered by the U.S. Postal Service using signature confirmation service.[2]

Because appellants' petition was filed within thirty days of the date the BCS's final decision was delivered to them by the postal service using a signature confirmation service, the trial court has jurisdiction to consider their suit for judicial review and therefore erred in granting the City's plea to the jurisdiction and motion to dismiss.

---

[2] We note that the green cards filed by the City and included in the record show that other parties entitled to notice pursuant to section 54.035 also received a copy of the order around the same time as appellants, except for one who received the order on December 23, 2009. *See* TEX. LOC. GOV'T CODE ANN. § 54.035(a)(1) (West Supp. 2011) (requiring notice of proceedings for enforcement of municipal ordinances be given to all record owners of affected property). We further note that section 54.039 states that the thirty-day timeframe begins when the final decision has been personally delivered, mailed, or delivered by mail to "to all persons to whom notice is required to be sent under Section 54.035." TEX. LOC. GOV'T CODE ANN. § 54.039(a) (West 2008). However, because the parties have not raised an issue with respect to this portion of the statute, we decline to reach the question of whether the initiation of the thirty-day timeframe is dependent upon record-evidence demonstrating that *all persons* entitled to notice have received at least one of the forms of notice contemplated by the statute.

## Conclusion

We reverse and remand for further proceedings.



                    Jim Sharp
                    Justice

Panel consists of Justices Keyes, Bland, and Sharp.